# Watson *v.* The State.

### Indictment for Murder.

1. *Self-defense; charge as to, invading province of jury.*—A charge instructing the jury, in a prosecution for murder, "that the doctrine of self-defense is not available *when* the defendant was himself the aggressor, or was not reasonably free from fault in bringing on the difficulty," the word *when* being erased before the charge was given, is an invasion of the province of the jury, although it might not mislead a trained lawyer.

2. *Self-defense; charge as to retreat, or reasonable mode of escape.* Where the evidence shows that the defendant, when he fired the fatal shot, was standing at the door of his shop, with one foot on the lowest step, a charge instructing the jury that, "to make out a case of justifiable self-defense, the evidence must show that the difficulty was not provoked or encouraged by him; that he was, or appeared to be, so menaced at the time as to create a reasonable apprehension of danger to his life, or of grievous bodily harm, and that there was no other reasonable hope of escape from such present impending peril," does not antagonize the principle, that a man is not bound to retreat from his own domicile.

Vol. LXXXII.

3. *Insulting words as defense.*—Mere words, no matter how insulting, or abusive, can not, of themselves, reduce a killing to manslaughter; yet, "insult by mere words," when the defendant acts on them, and has not provoked them, may be weighed by the jury, with the other evidence, in determining whether the killing was murder in the first or in the second degree.

FROM the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The defendant in this case, A. J. Watson, was indicted for the murder of Albert Reynolds, by shooting him with a pistol; was tried on issue joined on the plea of not guilty, convicted of manslaughter in the first degree, and sentenced to the penitentiary for the term of five years. On the trial, as appears from the bill of exceptions, it was proved that the killing occurred about daylight, one morning in August, or September, 1886; that the defendant was in the employment of one Wagner, who kept a butcher's shop on the corner of Palmetto and Marine streets in the city of Mobile, and was at the shop when the deceased came up, driving a butcher's cart, and carried a quarter of beef into the shop; that some words passed between them, each calling the other a son of a b—h; that the defendant seized his pistol, and fired at the deceased, who died within a few minutes. Some of the witnesses said that the deceased, when he was shot, was standing at the tail of his cart; while others testified that he was on the side-walk, advancing towards the defendant, who stood near the door of the shop, "with one foot on the side-walk, and one on the lower step of the shop." There was evidence, also, showing that the defendant had been a cripple from birth, had been ruptured, and walked with difficulty.

The court gave the following charge to the jury, on request by the State: (1.) "The doctrine of self-defense is not available *when* the defendant was himself the aggressor, or was not measurably free from fault in bringing on the difficulty; nor can the principle be invoked, unless the defendant was, or appeared to be, so menaced by some overt act on the part of his assailant, as to create in his mind a reasonable apprehension of danger to his life, or the infliction upon him of some grievous bodily harm, and that there was no other reasonable mode of effecting his escape from such impending peril." By agreement of record in this court, it is admitted that the word *when*, as copied in this charge, was erased before the charge was given; and this fact is also shown by the original charge itself, which is annexed to the agreement. To this charge, as given, the defendant excepted; and he also duly excepted to several

[Watson v. The State.]

other charges given at the instance of the State, among which were these : (2.) " To make out a case of justifiable self-defense, the evidence must show that the difficulty was not provoked or encouraged by the defendant; that he was, or appeared to be, so menaced at the time as to create a reasonable apprehension of danger to his life, or of grievous bodily harm, and that there was no other reasonable hope of escape from such present impending peril." (5.) " If the jury find, from the evidence, that the only cause or apology the defendant had for killing Albert Reynolds was insult by mere words, and not otherwise, that would not avail him anything." The bill of exceptions further states in reference to the 1st and 2d charges : " At the time of giving these charges, the court charged the jury that, if the defendant was in his place of business at the time of the shooting, he might stand his ground and not retreat."

GREGORY L. SMITH, for appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

STONE,. C. J.—It is probably true, that one trained in the law would understand the charge, numbered one, given by the court, as meaning the same thing as if the word " *when* " had not been erased. We think, however, that the average juror would not so understand it. The most natural import of the language makes the court affirm, as fact, that " the defendant himself was the aggressor, or was not reasonably free from fault in bringing on the difficulty." So interpreted, it was an invasion of the province of the jury, who are the sole determiners of controverted questions of fact.—*Bain v. State*, 70 Ala. 4 ; 3 Brick. Dig. 114.

2. We do not understand charge 2 as counsel interpret it. We do not think it antagonizes the principle, that no man is bound to retreat from his own domicile to avoid a difficulty.—*Cary v. State*, 76 Ala. 78.

3. As the defendant can not, if the defense be made, be again tried for a higher offense than manslaughter in the first degree (*Nutt v. State*, 63 Ala. 180), the constituents of murder will be immaterial on another trial. It may admit of question, however, if charge 5 can be vindicated, to the full extent it goes. It is certainly true, that mere words, no matter how insulting, or abusive, can not, of themselves, reduce a killing to manslaughter. But murder,. under our statute, is divided into two degrees. If one, without provocation, grossly abuse or insult another, and that other promptly resent the insult, even to the taking of life, we

13

[Carter v. The State ]

will not say the jury may not consider such aggressive insult, in determining whether there was a "willful, deliberate, malicious and premeditated killing," so as to constitute murder in the first degree.—*Mitchell v. State*, 60 Ala. 26. If the defendant provoked the difficulty, or gave the first insult, an insulting reply should not be considered as mitigating the offense ; for he would, thereby, have made himself the aggressor. Neither should such insulting language mitigate the offense, if there be sufficient evidence of the formed design, to show that the homicide was willful, deliberate, malicious, and premeditated. All we intend to affirm is, that "insult by mere words" may, when the defendant acts upon them, and has not provoked them, be weighed by the jury, with the other evidence, in determining whether the murder was in the first or second degree.

Reversed and remanded.