# Brown *v.* The State.

### Indictment for Murder.

1. *Self-defense ; charges as to.*—To sustain the plea of self-defense, in a case of homicide, a present pressing necessity on the part of the defendant, real or apparent, to protect his life, or his person from great bodily harm, must be shown; he must not be the aggressor, and must not provoke or encourage the difficulty; and he must retreat, or retire from the combat, if he can do so without endangering his safety; and a charge asked, which, in the facts hypothetically stated, ignores or omits any one of these requisites, is properly refused.

2. *Use of deadly weapon ; burden of proof as to fault, or opportunity to escape.*—The use of a deadly weapon raises the presumption of malice, unless that presumption is repelled by the evidence which proves the killing; the *onus* of proving a present pressing necessity, real or apparent, to take life, is on the defendant; but, when he has proved this, the *onus* is on the prosecution to show that he was at fault in bringing on the difficulty, or that he could have retreated without increasing his danger; and a charge which misplaces the burden of proof in any of these particulars is erroneous.

FROM the Circuit Court of Marengo.

Tried before the Hon. WM. E. CLARKE.

The defendant in this case, Edwin J. Brown, was indicted for the murder of David S. Jordan, by shooting him with a pistol; was tried on issue joined on the plea of not guilty, convicted on the second trial, as shown by the present record, of manslaughter in the first degree, and sentenced to hard labor for the county for eighteen months. The indictment was found in Clarke county, but the trial was removed to Marengo on the application of the defendant. The difficulty between the parties, as the bill of exceptions shows, occurred in the office of a justice of the peace, during the trial of a prosecution for trespass after warning, which the defendant had instituted against said Jordan and his two sons. The defendant had been examined as a witness, and his testimony had

3

been taken down in writing by one York, who was acting as clerk for the justice. York handed him the paper to be signed, and at the same time a piece of board, which he had held in his lap while writing, and which was described as the "top of a cracker box." The defendant took the paper and the board, and was signing his name, holding the paper on the board in his lap, when Jordan made some remark, to the effect that he had sworn to a lie, or had perjured himself; and he thereupon jumped up, and struck Jordan over the head with the board, breaking it into several pieces. Jordan, who was a larger and stronger man than the defendant, then rushed on him, and knocked or threw him down; and the defendant then drew his pistol, and fired two shots at Jordan, one while he was down on the floor, and the second as he was rising. The first shot struck the deceased in the abdomen, and he died from the effects of the wound a few days afterwards. The parties had been on bad terms for several months, and there was evidence of repeated threats made by each against the other. B. A. Clanton, one of the witnesses for the defense, who had testified to threats made by the deceased, and his own advice to the deceased to let Brown alone, further testified to declarations made to him by the deceased on the evening before his death, as follows: "I ought to have taken your advice, but I would have got him any how, if he had not been too quick for me." These were admitted as dying declarations.

The court gave the following charge to the jury, on request of the solicitor: "(1.) To make out a case of justifiable self-defense, the evidence must show that the difficulty was not provoked or encouraged by the defendant, and that the defendant was, or appeared to be, so menaced at the time as to create a reasonable apprehension of danger to his life, or of grievous bodily harm, and that there was no other reasonable hope of escape from such present impending peril." To this charge the defendant excepted.

The defendant requested the following charges in writing, and duly excepted to their refusal: (1.) "If the jury believe from the evidence that, at the time of the killing, the defendant entertained an honest belief in the existence of a present necessity on his part to kill, in order to save his own life, or to prevent the infliction of grievous bodily harm; and the circumstances at the time were such as to impress the mind of a reasonable man, under the same state of facts, with a belief of such imminent peril and urgent necessity; and if

they further believe from the evidence that the defendant did not bring on the difficulty, nor provoke it, then they must find the defendant not guilty." (2.) "If the jury believe from the dying declarations of the deceased, taken in connection with all the other testimony in the case, that it was the intention of the deceased to bring on the difficulty, and take the life of Brown, or do him great bodily harm; and that he did bring on the difficulty, and was only prevented from carrying such intention into execution by Brown being too quick for him, then they must find the defendant not guilty."

W. S. ANDERSON, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—To successfully invoke the plea of self-defense, there must exist a present, pressing necessity to protect the life of the slayer, or his person from great bodily harm, or the circumstances must be such as would create in the mind of a reasonable, prudent man, the honest belief of such necessity, though it may not be real; the slayer must not be the aggressor, nor provoke, nor encourage the rencontre; and he must retire from the combat, if there be a mode of escape, which will not endanger his safety. Mere pursuit, without intent and capacity, or seeming capacity, to take life, or inflict great bodily harm, is not sufficient. Though it is not necessary that the slain should in fact have the means at hand, his conduct and acts must be of a character to impress the mind that such is his purpose, and that he has the ability to accomplish it. The slayer may act on reasonable appearance. We have uniformly held, that a charge may be properly refused, which omits either of these requisites to a sufficient hypothesis, unless no inference can be reasonably drawn from the evidence that the defendant was at fault in bringing on the difficulty, or that retreat would endanger his safety.—*Jordan v. State*, 81 Ala. 32; *Tesney v. State*, 77 Ala. 33; *DeArman v. State*, 71 Ala. 351; *Storey v. State*, 71 Ala. 329. The charges requested by defendant are faulty, in that the hypothesis ignores any other reasonable mode of escape.

The use of a deadly weapon, creating the presumption of malice, shifts on the defendant the burden of repelling such presumption, when it is not rebutted or overcome by the evi-

[Burger v. The State.]

dence which proves the killing. The *onus* to prove a present pressing necessity, real or apparent, to take life is on the defendant. But, when he shows this, the prosecution may avoid its effect by proving that the defendant was at fault in bringing on the difficulty, or could have reasonably escaped. The State holds the affirmative of these negative propositions of the plea of self-defense.—*Hadley v. State,* 55 Ala. 31; *DeArman v. State, supra.* The first charge given by the court at the instance of the State is substantially in the language of the charge in *McDaniel v. State,* 76 Ala. 1, which was held to be erroneous, for the reason, that it made a condition of acquittal, that "the evidence must show that the difficulty was not provoked or encouraged by the defendant;" and that such provocation or encouragement not being presumed, and disproof not being required, except in rebuttal of the evidence thereof which the State might introduce, the charge misplaced the burden of proof. In *Watson v. State,* 82 Ala. 10, it was not intended to overrule this express decision. The opinion in the latter case responded to the only specific objection made to the charge, without considering others which were not presented, and not necessary to be considered, as the judgment was reversed on other grounds.

As the defendant, on the plea of former acquittal being filed, can not be retried for murder, it is unnecessary to consider the charges relating to that offense.

Reversed and remanded.