# Murphy *v*. Coleman,

*Assault and Battery.*

(Decided December 18, 1913.   64 South. 185.)

1. *Assault and Battery; Self-Defense.*—In order to justify an assault on the ground of self-defense it is necessary to show that the person acted under a real or reasonably apparent necessity of defending himself and that he used no more force than was reasonably necessary.

2. *Same; Plea.*—A plea as a defense to an action for assault and battery alleging that it occurred in defendant's place of business, where plaintiff had followed him cursing and abusing him, with a knife drawn in his hand, and that defendant had not provoked the difficulty, failed to show a justification on the ground of self-defense, and was therefore demurrable.

[Murphy v. Coleman.]

3. *Same; Instruction.*—Where the action was assault and battery and the defense was self-defense, charges requested by defendant asserting that the burden is on plaintiff to show freedom from fault in bringing on the difficulty on the part of defendant, and not on defendant, and that the burden is on plaintiff to show that defendant was free from fault in bringing on the difficulty, erroneously misplaced the burden of proof, and was plainly erroneous.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Joe C. Coleman against P. F. Murphy for assault and battery. Judgment for plaintiff, and defendant appeals. Affirmed.

The following is defendant's plea 4: "Defendant, for further answer to plaintiff's complaint, says that the assault and battery occurred in his place of business, and the plaintiff followed him to the back part of his store, cursing and abusing him, with a knife drawn in his hand, and that he was free from fault in provoking or bringing on the difficulty." The demurrers point out the fact that the plea was not sufficient as a plea of self-defense. Written charges 2 and 3 are as follows: (2) "The burden is on plaintiff to show freedom from fault in bringing on the difficulty on the part of defendant, and not on defendant." (3) "The burden is on plaintiff to show that defendant was free from fault in bringing on the difficulty."

WILLIAM JACKSON, and SCOTT & ALDRIDGE, for appellant. The court erred in sustaining demurrer to plea 4, as it asserts every element of self-defense.—*Morris v. McClellan,* 154 Ala. 639; *Roberson v. State,* 62 South. 842. On these same authorities the charges requested by defendant should have been given.

GOODWYN & ROSS, for appellee. Plea 4 was subject to the demurrers interposed.—*Thompson v. Gray,* 3 South. 38; *Morris v. McClellan,* 45 South. 641; *B. R. L. & P. Co. v. Coleman,* 61 South. 890. The charges requested were

[Murphy v. Coleman.]

properly refused as it is never the duty of plaintiff or the state to prove that a defendant was free from fault in bringing on a difficulty, but it must be shown that defendant was at fault in bringing on the difficulty.— *Morris v. McClellan, supra; Gibson v. State,* 8 South. 98; *Brown v. State,* 83 Ala. 33.

WALKER, P. J.—One who would justify, on the ground of self-defense, an assault and battery committed by him upon another, must show that he acted under a real or reasonably apparent necessity of defending himself, and that he used no more force than was reasonably necessary or unavoidable in the situation which confronted him.—*Thomason v. Gray,* 82 Ala. 291, 3 South. 38; *Morris v. McClellan,* 154 Ala. 639, 45 South. 641, 16 Ann. Cas. 305; *Birmingham Ry., Light & Power Co. v. Coleman* (Sup.) 61 South. 890. The demurrer to defendant's plea 4 pointed out wherein it failed to show a justification of the assault and battery confessed by it, and that demurrer was properly sustained.

It is plain that the plaintiff in bringing his action for an alleged wrongful assault and battery committed upon him by the defendant did not assume the burden of proving that the defendant was free from fault in the matter complained of. Perhaps it was the intention of counsel in drafting written charges 2 and 3 requested for the defendant to state that the burden was on the plaintiff to prove that the defendant was at fault in bringing on the difficulty (*Brown v. State,* 83 Ala. 33, 3 South. 857, 3 Am. St. Rep. 685; *Morris v. McClellan,* 154 Ala. 639, 45 South. 641, 16 Ann. Cas. 305); but neither of these charges stated such a proposition. There was no error in refusing to give them as they were framed.

Affirmed.