# Jones *v.* The State.

## *Murder.*

(Decided May 20, 1915. 69 South. 66.)

1. *Homicide; Trial; Instructions.*—A charge asserting that if defendant was not the aggressor he was justified in striking the deceased, although not in actual danger, or in such a position that to retreat would not have increased his danger, withdraws from the jury the question of defendant's reasonable and honest belief in the imminence of his peril.

2. *Same; Burden of Proof.*—A defendant has the burden of proving that imminence of peril which will warrant the taking of human life.

3. *Charge of Court; Covered by Those Given.*—It is not error to refuse charges substantially covered by written charges given.

[Jones v. The State.]

4. *Homicide; Self-Defense; Burden of Proof.*—A defendant asserting self-defense has the burden to show his freedom from fault in bringing on the difficulty.

5. *Charge of Court; Argumentative.*—A charge which is argumentative as well as abstract may be refused without error.

6. *Appeal and Error; Harmless Error; Instruction.*—Where defendant was found guilty of a higher grade of the offense than manslaughter, he cannot complain of the refusal of a charge that he could not be found guilty of that degree of homicide.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WM. E. FORT.

Sid Jones was convicted of murder, and he appeals. Affirmed.

JESSE D. POPE, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

SOMERVILLE, J.—The defendant was convicted and given the death penalty for the murder of a fellow convict working with him in a coal mine. The overwhelming weight of the evidence shows that the defendant was guilty of a brutal murder. A great many written charges were given at his request upon his claim and theory of self-defense. Several requested charges were refused, and properly so, as is very clear.

(1) Charge 2, in effect, instructed the jury that, if defendant was not the aggressor, he was justified in striking the deceased, although defendant was not in actual danger, or retreat would not have increased his danger. This charge is not only bad in substance, but withdraws from the jury the question of defendant's reasonable and honest belief in the imminence of his peril.

(2) Charge 17 misplaces the burden of proof as to imminent peril upon the state.

(3, 4) Charges 18 and 19, relieving defendant of the burden of proof as to his freedom from fault in bringing on the difficulty, were covered, as to this principle, by given charge 11. As framed, however, charge 18 places this burden of proof upon the state, without any predicate of a proven necessity for the killing.—*Brown v. State*, 83 Ala. 33, 36, 3 South. 857, 3 Am. St. Rep. 685.

(5) Charge 22 is argumentative as well as abstract.

(6) As the jury did not find defendant guilty of manslaughter in the second degree, he cannot complain of the court's refusal to charge them that they could not find him guilty of that degree of homicide, as requested by refused charge 50.

An examination of the entire record discloses no error prejudicial to defendant, and the judgment of conviction must be affirmed.

Affirmed. All the Justices concur.