(77 South. 335)

RILEY et al. v. DENEGRE. (6 Div. 444.)

(Supreme Court of Alabama. Dec. 20, 1917.)

1. ASSAULT AND BATTERY ☞26 — SELF-DEFENSE—BURDEN OF PROOF.

Defendant in an action for assault and battery who set up self-defense has the burden of proving he was free from fault in bringing on the difficulty, the rule as to the burden of proof not being changed, because freedom from fault may be shown prima facie by proof of an imperative necessity for defendant's assault; such proof merely shifting the burden of going forward.

2. ASSAULT AND BATTERY ☞28—ACTIONS—EVIDENCE.

Where it appeared that defendant in assaulting plaintiff used a plumb bob, which was a pear-shaped metal piece attached to a chain, and used in defendant's office as a paper weight, testimony that several months before the assault defendant struck his hand with the plumb bob and remarked that he could make a nice round hole in a man's head with it was admissible to show defendant's consciousness of the efficiency of the plumb bob as a weapon of attack.

Appeal from City Court of Birmingham; C. W. Ferguson, Judge.

Action by John S. Denegre against J. Robert Riley and others. From a judgment for plaintiff, defendants appeal. Affirmed.

C. B. Powell, of Birmingham, for appellants. Allen, Bell & Sadler, of Birmingham, for appellee.

SOMERVILLE, J. The action is in trespass for an assault and battery, and there was verdict and judgment for plaintiff.

[1] Defendant pleaded several pleas of self-defense, each of which alleged that he was free from fault in bringing on the difficulty. The trial judge instructed the jury that the burden of proof was on defendant to show his freedom from fault in bringing on the difficulty, and this is assigned for error. This question was ruled adversely to appellant in Morris v. McClellan, 169 Ala. 90, 98, 53 South. 155. It is true, as there pointed out, that this freedom from fault may be shown prima facie by proof of an imperious necessity for the defendant's assault upon the plaintiff; yet this shifting of the burden of going forward with the evidence does not change the general burden of proof which requires the defendant to establish every element of his plea of justification.

[2] Plaintiff was allowed to show that about three months before the assault defendant had in his hand a plumb bob, a pear-shaped metal piece attached to a chain, and used in his office as a paper weight, with which he then struck his own hand, remarking "that he could make a nice round hole in a man's head with it." The evidence showed that defendant actually assaulted, beat, and seriously injured plaintiff about the head with this instrument; and some of the testimony tended to show that prior to the beginning of the difficulty defendant had the bob in his pocket, from which he drew it for the attack. Conceding that this declaration by defendant was not, under the evidence, admissible as a threat against this plaintiff, we nevertheless think it was admissible to show defendant's consciousness of the character and efficiency of the bob as a weapon of attack, and so to illustrate defendant's animus in its use, and the extent to which he intended to injure plaintiff. There was no error in its admission under the circumstances of this case.

Other assignments of error, being waived by noninsistence in brief, will not be considered.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.