(99 South. 191)

## ASHWORTH v. ALABAMA GREAT SOUTHERN R. CO.    (6 Div. 941.)

(Supreme Court of Alabama.    Feb. 7, 1924.)

**1. Death ⬤⟶54—Pleas of self-defense held good.**

In an action for wrongful death of plaintiff's intestate, where one count alleged that he was assaulted and beaten by defendant's servant or agent, and was controverted by the general issue, pleas alleging that he was killed by a different servant, and that the killing was justifiable, *held* good.

**2. Death ⬤⟶58(1)—Burden of proof on issue of self-defense same as in criminal case.**

In a civil action for wrongful death, the burden of proof in establishing the several elements of self-defense is the same as in a criminal case.

**3. Death ⬤⟶21—Retreat doctrine stated.**

Generally one must retreat rather than take human life, unless he would thereby increase his peril, or unless it reasonably appears to him that his peril would by retreat be increased beyond that to which he would be subject if he stood and defended himself, or the circumstances must be such as to impress the mind of a reasonable man that the peril would be thus increased, and that he was so impressed.

**4. Death ⬤⟶21—Duty to retreat does not obtain in dwelling or place of business.**

The duty to retreat rather than take human life does not obtain in one's dwelling or place of business when the slayer is not the aggressor.

**5. Death ⬤⟶21—Railroad guard not required to retreat.**

In an action against a railroad for death of plaintiff's intestate, shot by railroad employee while employee was guarding railroad property, railroad was not required to show that its employee could not have avoided the difficulty by retreating.

**6. Death ⬤⟶58(1)—Plaintiff suing railroad for death of intestate killed by employee in self-defense required to prove employee was not free from fault.**

In an action against a railroad for death of plaintiff's intestate, shot by railroad employee guarding railroad property, in which the railroad proved the elements of self-defense other than that the difficulty could not have been avoided by retreating, the plaintiff had the burden of proving that the railroad employee was not free from fault in bringing on the difficulty.

**7. Railroads ⬤⟶277—Trespasser may be ejected by force reasonably necessary.**

A railroad employee has the right to eject a person unlawfully intruding in a car, provided it is done by the exercise of only such force as is reasonably necessary for the purpose, having regard to the attendant circumstances.

**8. Railroads ⬤⟶281(1)—Railroad not liable for death of person shot by employee, unless employee is liable.**

The liability of a railroad for death of trespasser shot by railroad employee, if any, is based on the doctrine of respondeat superior, and the railroad is not liable where the employee himself is not liable.

**9. Trial ⬤⟶133(2)—Statements of counsel in examination of witnesses held not ground for reversal.**

In an action for death of plaintiff's intestate, shot by railroad's employee, action of defendant's counsel in asking a witness if the deceased had not made an attack on a certain woman, if he had not been dishonorably discharged from the navy, if he had not been in various fights and assaults, etc., and in refer-

ring to the deceased in examination of another witness as a "hobo," *held* not ground for reversal, where the court instructed the jury that the statements of counsel were not to be taken as evidence.

**10. Death ⬥➾60—Testimony as to threats by deceased held admissible.**

In an action for death of plaintiff's intestate, shot by railroad's employee, in which it was claimed that the employee had acted in self-defense, testimony as to threats made by the deceased against the employees of the railroad after he had been arrested following an unlawful attempt to ride railroad's trains *held* admissible.

**11. Evidence ⬥➾123(11)—Acts and statements of employee a few minutes after homicide held not admissible as res gestæ in action for death.**

In an action against a railroad for death of plaintiff's intestate, shot by railroad's employee. testimony that a few minutes after the homicide the employee waved his pistol, and told witnesses to get away, *held* not admissible as part of the res gestæ.

**12. Death ⬥➾60—Evidence as to removal of body held immaterial.**

In an action against a railroad for death of plaintiff's intestate, shot by railroad employee, evidence as to the conduct of railroad's employees in removing the body of the deceased from the car to the ground, and then replacing the body on the train, *held* immaterial.

**13. New trial ⬥➾102(3)—Overruling of motion for new trial on ground of newly discovered evidence held error.**

Overruling of motion for new trial, on the ground of newly discovered testimony discovered subsequent to the trial, supported by affidavits that testimony could not have been obtained prior to trial, *held* error.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action for damages by Robert Ashworth, as administrator of the estate of William J. Thomas, against the Alabama Great Southern Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The following charges were given at defendant's request:

"(34) It is not necessary under the evidence in this case that Mr. Ratteree should have been in actual danger of death or great bodily harm at the time he killed plaintiff's intestate, in order for him to be justified in killing said intestate. Ratteree had a right to act on the appearance of things at the time, taken in the light of all the evidence, and he had a right to interpret the conduct of plaintiff's intestate, in the light of any threat that the evidence proved plaintiff's intestate to have made against Ratteree. If the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and Ratteree honestly believed such to be the case, then he had a right to strike in

his own defense, although as a matter of fact he was not in actual danger, and, if the jury believe from the evidence that Ratteree acted under certain conditions and circumstances as above set forth, the burden of showing that he was not free from fault in bringing on the difficulty is on the plaintiff, and, if not shown, you cannot find for the plaintiff."

"(45) If you believe from the evidence that Mr. Ratteree lawfully arrested plaintiff's intestate for some offense, and that said intestate escaped and left the train, and later returned for the purpose of doing violence to Mr. Ratteree, and that said intestate attempted to accomplish his purpose upon his return to the train, and that Mr. Ratteree was ignorant of his return until the difficulty started, then as a matter of law Mr. Ratteree was free from fault in bringing on the difficulty that resulted in the death of plaintiff's intestate.

"(46) If you believe from the evidence that Mr. Ratteree was in actual imminent peril of his life or serious bodily harm when he shot plaintiff's intestate, and that Mr. Ratteree was free from fault in bringing on the difficulty, then it is immaterial whether Mr. Ratteree honestly believed he was in such peril or not. Under such circumstances he would have the right to shoot and kill plaintiff's intestate, even though he might not have believed that he was in peril.

"(47) If you believe from the evidence that the circumstances attending the killing were such as to justify a reasonable belief that Mr. Ratteree was in danger of great bodily harm or death, and that he honestly believed such was the case, and that he was free from fault in bringing on the difficulty, then Mr. Ratteree had a right to shoot the deceased in his own defense, although as a matter of fact, Mr. Ratteree was not in actual danger."

"(49) If, under the evidence in this case, you would not return a verdict against Mr. Ratteree were he a party defendant in this case, then you cannot return a verdict against the defendant Alabama Great Southern Railroad Company."

"(59) The court charges the jury that any conduct of Mr. Ratteree which was reasonably related to and connected with an effort on his part to arrest the deceased in a lawful and proper manner would not in law be held against Mr. Ratteree as placing him at fault in bringing on the difficulty that resulted in the death of the deceased."

"(61) While the court has charged you that the burden of proof is on the defendant to show that officer Ratteree acted in self-defense in killing the deceased on the occasion complained of, it is only necessary for the defendants, in the discharge of that burden to show that Mr. Ratteree was in imminent peril of life, or great bodily harm at the hands of the deceased, or that the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he honestly believed such was the case, and under such circumstances shot the deceased. When the defendants have shown this by the evidence in the case, the law says that, the burden is on the plaintiff to reasonably satisfy the jury that Mr. Ratteree was not free from fault in bringing on

the difficulty, and the law goes further and says, that, if the plaintiff has not discharged that burden, then the plaintiff cannot recover in this case."

The following charges were refused to plaintiff:

"(1) To make out a case of justifiable self-defense, the evidence must show that the difficulty was not provoked or encouraged by the defendant's agent, servant, or employee, said W. B. Ratteree; that the said Ratteree was, or appeared to be. so menaced at the time as to create reasonable apprehension of danger to his life, or of grievous bodily harm, and that there was no other reasonable hope of escape. from such present, impending peril."

"(6) The court charges the jury that to make the plea of self-defense available to the defendant in this case the burden is upon the defendant to reasonably satisfy the jury from all the evidence that the defendant's servant, agent, or employee, W. B. Ratteree, was free from fault in bringing on the difficulty.

"(7) In filing a plea of self-defense, the defendant assumes the burden of reasonably satisfying the jury by the evidence of the following propositions: (a) That the defendant's agent, servant, or employee, Ratteree, was absolutely free from fault in bringing on the fatal difficulty. (b) That said Ratteree at the time of the killing of plaintiff's decedent was in imminent peril of life or limb, or from the circumstances he had an honest belief at the time of the killing the deceased, that he was in danger of life or limb at the hands of the deceased. (c) That the said Ratteree used no more force than was necessary to repel the force offered or threatened."

On the trial Mrs. Kathryn Shepherd was examined as a witness for plaintiff, and testified that she was the mother of deceased: that deceased was 21 years old, and had left home some time prior to the occurrence resulting in his death. On cross-examination by defendant the witness was asked these questions:

"And if his (deceased's) father didn't marry another woman, and he didn't jump on the woman and beat her up, and that is the reason he left Baltimore?"

Plaintiff's objection being sustained, defendant's counsel remarked, "I have got a right to show the character of the man," and asked this question:

"He got a dishonorable discharge from the navy, didn't he?"

Plaintiff's objection was sustained, and defendant's counsel asked this question:

"I will ask you if he hadn't consistently been in trouble in the way of fights or assaults, or matters of that kind, for the last 4 or 5 years?"

The court sustained objection to the question, stating:

"Counsel would have a right to show the bad —have a right to show that, the bad or bloodthirsty character of the deceased. I will allow counsel to state that, and go no further. I will instruct counsel not to ask any further questions along that line."

Defendant's counsel then excepted to the ruling, and offered "to meet your honor's ruling * * * to show the particulars of a difficulty in Philadelphia, and also in Lenoir City, Tenn., with other parties, by the deceased, and that he was a fugitive from justice from those places."

Plaintiff objected, and the court remarked:

"No, counsel would have a right—he can offer to show, and must state generally, what the result of the question would be. I simply instruct counsel not to go into details of anything that tended to show bad character."

On the examination by defendant of its witness Hood, this question was asked:

"When did you first see this hobo, Thomas (deceased)?"

Plaintiff objected to the use of the term "hobo" in the presence of the jury. Defendant's counsel remarked, "That is what he was," and on plaintiff's further objection the court stated:

"So far as what statements are made by" respective counsel, "they are not to be taken as evidence in the case, gentlemen of the jury; it is not to be considered by you as part of the evidence. You will take the evidence from the stand."

The plaintiff moved for a new trial upon the ground, among others, that since the trial plaintiff had discovered new, additional, and material evidence, which was not shown, and by the exercise of reasonable diligence could not have been ascertained before the trial.

In support of the motion plaintiff submitted the affidavit of Homer Trucks, in substance as follows: Affiant is a boy 15 years old, and was at or near Trussville on the date of the occurrence involved in this suit, and was playing with other children in a pasture adjacent to the defendant's right of way; that affiant saw a man walking past the train, which had stopped, on the opposite side from affiant, and, when he had proceeded to some 10 feet beyond "the last caboose" in the train, turned and asked one of the men at the caboose, "couldn't they pull it"; that there was one man standing in the back door of the caboose and another man standing on the ground with a gun in his arms; that when the man asked the question the man with the gun drew the gun on him and fired, and the man fell; that his body was placed on the front end of the last caboose; that the dead man was standing with his hands down, with nothing in his hands, and made no threats or movements toward the caboose or the train crew.

In further support of the motion plaintiff submitted the affidavit of James H. Bradford, in substance as follows: That affiant is of counsel for plaintiff, and as such investigated the facts in the case; that plaintiff's at-

torneys exercised every diligence to obtain the testimony of witnesses; that during the trial *it was learned that certain persons by the name of Trucks were witnesses to the shooting, and were summoned to court, but that neither plaintiff nor his attorneys were informed that Homer Trucks was a witness until after the trial;* that Homer Trucks had formerly lived near the scene of the killing, but had moved away, and on the date of the occurrence was on a visit to his old home.

Allen & McEwen and James H. Bradford, all of Birmingham, for appellant.

In pleading self-defense in justification, the plea, to be unobjectionable on demurrer, must aver every element of fact necessary under the law to constitute self-defense, if the cause had been a criminal prosecution instead of a civil action. Morris v. McClellan, 154 Ala. 639, 45 South. 645, 16 Ann. Cas. 305; Morris v. McClellan, 169 Ala. 90, 53 South. 155; Mitchell v. Gambill, 140 Ala. 316, 37 South. 290; Shipman's Common-Law Pleading (2d Ed.) 276; Bell v. State, 115 Ala. 25, 22 South. 526; 1 Mayfield's Dig. 804. The agents, servants, or employees of a railroad company have the right in removing a trespasser from its premises to use only such force as is reasonably necessary to accomplish that object. Waldrop v. N., C. & St. L., 183 Ala. 226, 62 South. 769; Glover v. A., T. & S. F., 129 Mo. App. 563, 108 S. W. 105; Beck v. Quincy, etc., 129 Mo. App. 7, 108 S. W. 138; McDonald v. St. Louis & S. F. R. Co., 165 Mo. App. 75, 146 S. W. 83; Clark v. G. Northern, 37 Wash. 537, 79 Pac. 1108, 2 Ann. Cas. 760; T. & O. Cent. R. Co. v. Marsh, 17 Ohio Cir. Ct. R. 379, 9 O. C. D. 548; Klenk v. Oregon Short Line Ry., 27 Utah, 428, 76 Pac. 214; Johnson's Case, 104 Ala. 241, 16 South. 75, 53 Am. St. Rep. 39; L. & N. R. R. Co. v. Johnson, 92 Ala. 204, 9 South. 269, 25 Am. St. Rep. 35; 33 Cyc. 819. Where remark or argument of counsel is so grossly improper and highly prejudicial that no action of trial court could destroy its influence on the jury, no objection or motion invoking corrective action is necessary. Anderson v. State, 209 Ala. 36, 95 South. 179, and authorities. Uncommunicated threats of deceased, and difficulties between deceased and the person who killed him, and statements of deceased, made some time prior to, and at some place other than, the time and place of the fatal difficulty, not admissible, unless part of the res gestæ. King v. State, 89 Ala. 146, 7 South. 750; Jackson's Case, 52 Ala. 305; Wells v. State, 187 Ala. 1, 65 South. 950; Smith v. State, 197 Ala. 193, 72 South. 316. Where there is evidence of threats or menacing gestures of a person who has just killed another towards third persons immediately after the killing, they are admissible as part of the res gestæ. Wells v. State, supra; Ferguson v. State, 141 Ala. 20, 37 South. 448.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

The appellee having proved the elements of self-defense on the part of Ratteree, the burden of showing that said Ratteree was not free from fault in bringing on the difficulty was upon appellant. Morris v. McClellan, 154 Ala. 639, 45 South. 641, 16 Ann. Cas. 305; Morris v. McClellan, 169 Ala. 90, 53 South. 155; O'Rear v. State, 188 Ala. 71, 66 South. 81; Bodine v. State, 18 Ala. App. 514, 93 South. 264; Askew v. State, 94 Ala. 4, 10 South. 657, 33 Am. St. Rep. 83; N. O. & N. E. v. Jopes, 142 U. S. 18, 12 Sup. Ct. 109, 35 L. Ed. 919. The appellee could only be liable under the doctrine of respondeat superior, for the acts of Ratteree, and if he could not be liable, the appellee could not either. Lake Shore R. Co. v. Goldberg, 2 Ill. App. 228; Emma Silver Mining Co. v. Emma, etc., Co. (C. C.) 7 Fed. 401; Emery v. Fowler, 39 Me. 326, 63 Am. Dec. 627; King v. Chase, 15 N. H. 9, 41 Am. Dec. 675; Hill v. Bain, 15 R. I. 75, 23 Atl. 44, 2 Am. St. Rep. 873; Featherston v. Newburgh Turnpike Co., 71 Hun, 109, 24 N. Y. Supp. 603; Kansas City v. Mitchener, 85 Mo. App. 36; Castle v. Noyes, 14 N. Y. 329; Ransom v. Pierre, 101 Fed. 665, 41 C. C. A. 585; Faust v. Baumgartner, 113 Ind. 139, 15 N. E. 337; State v. Coste, 36 Mo. 437, 88 Am. Dec. 148; Cuneo Imp. Co. v. Am. Imp. Co. (D. C.) 241 Fed. 421; Nat. Bank v. Nat. Bank, 268 Pa. 147, 110 Atl. 792; Sonnentheil v. Moody (Tex. Civ. App.) 56 S. W. 1001; Marks v. Sullivan, 8 Utah, 406, 32 Pac. 668, 20 L. R. A. 590; Cressler v. Brown, 79 Okl. 170, 192 Pac. 417; So. Ry. Co. v. Harbin, 135 Ga. 122, 68 S. E. 1103, 30 L. R. A. (N. S.) 404, and note, 21 Ann. Cas. 1011; McGinnis v. Chicago Ry. Co., 200 Mo. 347, 98 S. W. 590, 9 L. R. A. (N. S.) 880, and note, 118 Am. St. Rep. 661, 9 Ann. Cas. 656; Morris v. N. W. Imp. Co., 53 Wash. 451, 102 Pac. 402; Sipes v. Puget Sound Ry. Co., 54 Wash. 47, 102 Pac. 1057; C., St. P., M. & O. v. McManigal, 73 Neb. 580, 103 N. W. 305, 107 N. W. 243; Bradley v. Rosenthal, 154 Cal. 420, 97 Pac. 875, 129 Am. St. Rep. 171; Hayes v. Chicago Tel. Co., 218 Ill. 414, 75 N. E. 1003, 2 L. R. A. (N. S.) 764, note; City of Anderson v. Fleming, 160 Ind. 597, 67 N. E. 443, 66 L. R. A. 119; Montfort v. Hughes, 3 E. D. Smith (N. Y.) 591; Indiana Nitroglycerine Co. v. Lippincott, etc., Co., 165 Ind. 361, 75 N. E. 649; Callahan v. Graves, 37 Okl. 503, 132 Pac. 474, 46 L. R. A. (N. S.) 350; Doremus v. Root, 23 Wash. 710, 63 Pac. 572, 54 L. R. A. (N. S.) 649, and note; Portland Mining Co. v. Stratton's Independence, 158 Fed. 63, 85 C. C. A. 393, 16 L. R. A. (N. S.) 677; Rookard v. A. C. L. Ry. Co., 84 S. C. 190, 65 S. E. 1047, 27 L. R. A. (N. S.) 435, 137 Am. St. Rep. 839. The trial court did not err in the rulings on admissibility of evidence, or motions and objections thereon. Mobile L. & R. Co. v. Gallasch, 210 Ala. 219,

97 South. 733; Thames v. L. & N. R. R. Co., 208 Ala. 255, 94 South. 487. The trial court correctly overruled appellant's motion for new trial. 29 Cyc. 881; Dunbauld v. Thompson, 109 Iowa, 199, 80 N. W. 324; Fries v. Acme W. L. & C. Works, 201 Ala. 613, 79 South. 45; K. C., M. & B. R. Co. v. Phillips, 98 Ala. 159, 13 South. 65.

THOMAS, J. The complaint in three counts alleged that deceased was wrongfully killed by an employee of defendant. In the first count the wrongful act was ascribed to W. B. Ratteree; in the second count it is alleged that plaintiff's intestate was wrongfully and intentionally shot by an unknown employee of defendant; and the third count, as amended, charged that deceased was wrongfully assaulted and beaten by C. W. Hood, an employee of defendant, and as a proximate result thereof plaintiff's intestate died.

Demurrers of defendant being overruled, it filed separate pleas as answers to said counts—pleas 1 and 2 being of the general issue, and pleas 3, 4, 5, 6, and 7 alleging that plaintiff's intestate was killed by being shot by W. B. Ratteree, who was at the time of the infliction of said injury employed by defendant, and who was guarding its property, and that when causing that injury he was acting in self-defense. The trial court sustained demurrer to plea 4, and overruled demurrer as to the other pleas. Pleas 3, 5, and 7 alleged that at the time of the killing deceased was in the act of assaulting Ratteree in the latter's place of business; that the latter was in discharge of his duties to defendant; and that such assault, if not repelled, would have resulted in the death of Ratteree or great bodily harm to him. And plea 6 averred circumstances showing that a reasonably prudent man, so circumstanced, would have believed that Ratteree was in imminent peril to life or limb, and that he, while so circumstanced, honestly entertained the belief of his peril, and was acting upon such belief when he shot the deceased. The trial was had upon issue joined upon said pleas.

[1] The pleading of self-defense to a civil action has been the subject of discussion by the court in Kuykendall v. Edmondson, 208 Ala. 553, 94 South. 546. Appellant's counsel urge that there was reversible error in overruling demurrers to pleas 3, 6, and 7, as answers to count 3 of the complaint as amended. Each count was controverted by the general issue—the respective forms of the general issue employed by the pleader denied "each and every allegation contained in each count of the complaint," and pleaded "not guilty of the matters and things therein alleged." Thus count 3 as amended—that plaintiff's intestate was wrongfully assaulted and beaten by C. W. Hood, the servant or agent of the defendant—was denied or controverted by the pleas. The several special pleas, as we have noted, alleged that deceased was killed by Ratteree, while the latter was in defendant's employ and discharging the duties of his employment, and that the killing was justifiable. This was answer to the third count as amended, charging the homicide to the act of Hood. The authorities cited by appellant, defining a plea of self-defense in justification to a civil suit claiming damages for homicide, were considered, and the elements of self-defense given statement in Kuykendall v. Edmondson, 208 Ala. 553, 94 South. 546.

[2-4] In such civil action the burden of proof in establishing the several elements of self-defense is as declared for a criminal case. Riley v. Denegre, 201 Ala. 41, 77 South. 335; Morris v. McClellan, 169 Ala. 90, 53 South. 155; Wilkins v. State, 98 Ala. 1, 13 South. 312; Hart v. Jones, 14 Ala. App. 327, 70 South. 206. It is true, as a general rule, that one must retreat rather than take human life, unless he would thereby increase his peril, or unless it reasonably appears to him that his peril would, by retreat, be increased beyond that to which he would be subject if he stands and defends himself against his assailant; or the circumstances must be such as to impress the mind of a reasonable man that the peril would be thus increased, and that he was so impressed. Kuykendall v. Edmondson, supra; Bell v. State, 115 Ala. 25, 22 South. 526; Patterson v. State, 146 Ala. 39, 41 South. 157; Brewer v. State, 160 Ala. 66, 49 South. 336. However, the duty to retreat does not obtain in one's own dwelling or place of business, when the slayer is not the aggressor. Hill v. State, 194 Ala. 11, 23, 69 South. 941, 2 A. L. R. 509; Suell v. Derricott, 161 Ala. 259, 49 South. 895, 23 L. R. A. (N. S.) 996, 18 Ann. Cas. 636; Watts v. State, 177 Ala. 24, 59 South. 270; Maxwell v. State, 129 Ala. 48, 29 South. 981; Askew v. State, 94 Ala. 4, 10 South. 657, 33 Am. St. Rep. 83; 2 A. L. R. 509.

[5, 6] There was no duty resting upon defendant to show that Ratteree could not have avoided the difficulty by retreating from or in the car, when at the time he was in his place of business. Defendant having averred or proven the other element or elements of self-defense (the duty to retreat being dependent on the circumstances [Hill v. State, supra; Kuykendall v. Edmondson, supra]) on the part of Ratteree, the burden of going forward with the evidence was upon the plaintiff to show (if it be a fact) that defendant's agent was not free from fault in bringing on the difficulty.

In O'Rear v. State, 188 Ala. 71, 66 South. 81, it is declared:

"Where a defendant was in actual imminent peril of life, or of suffering grievous bodily harm, when he shot deceased, and the other conditions requisite to the exercise of the right of self-defense were present, an honest belief on the part of defendant in his peril was immaterial, and an inquiry as to its existence will not be made, since the requirement of honest

belief is applicable only to reasonably apparent peril.

"Where the circumstances attending the homicide were such as to justify defendant in a reasonable belief that he was in danger of death or great bodily harm, and that he could not retreat without increasing his peril, and he honestly believed such to be the case, he could shoot in self-defense, although as a matter of fact, he was not in actual danger, and a retreat would not have increased his peril, and the burden of showing that defendant was not free from fault in bringing on the difficulty is on the state." Ex parte State ex rel. Atty. Gen., 207 Ala. 349, 92 South. 606; Kuykendall v. Edmondson, supra; Bodine v. State, 18 Ala. App. 514, 93 South. 264, 268; Teel v. State, 18 Ala. App. 405, 92 South. 518.

That is to say, if the danger is actual, real, and existing (an imminent peril) the belief thereof on the part of a defendant or a party charged with the act in question is immaterial; if, however, the circumstances are such as to induce the belief in the mind of a reasonably prudent man so circumstanced that imminent danger existed, it must be further shown that the party charged honestly believed that he was so menaced and that he acted under that apprehension. The pleas were free from demurrer.

For the foregoing reasons there was no error in giving, at defendant's request, written charges 34, 46, and 61; and in the refusal of plaintiff's written charges 1, 6, and 7. The portion of the oral charge to which exception was reserved, when considered with other portions of the oral charge taken as a whole, was free from error.

[7] Charges 45, 57, 58, and 59, given for defendant, stated the law of the case warranted by the evidence. The right to eject a person unlawfully intruding in a car in a railway train (provided it is done by the exercise or use of only such force as is reasonably necessary for that purpose, having regard to the attendent circumstances) has been declared by the courts. L. & N. R. Co. v. Johnson, 92 Ala. 204, 9 South. 269, 25 Am. St. Rep. 35; South. Ry. Co. v. Farquhar, 192 Ala. 415, 68 South. 289; Waldrop v. N. C. & St. L. Ry., 183 Ala. 226, 62 South. 769; N. O. & N. E. R. Co. v. Jopes, 142 U. S. 18, 12 Sup. Ct. 109, 35 L. Ed. 919. The amount of force that may have been employed in the ejection of Thomas from the car by defendant's agent Ratteree was limited to such force as was reasonably necessary under the circumstances. It was therefore not without limitation, as insisted by appellant's counsel in argument.

[8] The giving at defendant's request of charges 49 and 61 is challenged by assignment of error and argument. We have heretofore adverted to given charge 61. We may here observe that the death of plaintiff's intestate was caused by the shot discharged by defendant's agent Ratteree, and not by the assault of its agent Hood. The complaint and damage alleged is for the wrongful death of Thomas. After the latter had been struck by Hood, he renewed the attack on Ratteree and was shot and killed by the latter. Under the facts of this case, if the principal is liable, it is under the doctrine of respondeat superior (N. O. & N. E. R. Co. v. Jopes, 142 U. S. 18, 28, 12 Sup. Ct. 109, 35 L. Ed. 919, 920; Bigelow v. Old Dominion, etc., Co., 225 U. S. 111, 32 Sup. Ct. 641, 56 L. Ed. 1009, 1021, Ann. Cas. 1913E, 875), and no liability would attach to the principal where for the act and damage the agent himself is not held liable. There is no evidence that said agent had stepped aside from the master's business in firing the fatal shot resulting in the death of Thomas. Buttrey v. Wilhite, 208 Ala. 573, 574, 94 South. 585; Republic I. & S. Co. v. Self, 192 Ala. 403, 68 South. 328, L. R. A. 1915F, 516; Willingham v. Birmingham Ry., L. & P. Co., 203 Ala. 351, 83 South. 95. See, also, 40 L. R. A. (N. S.) pp. 1005–1007, 1051, note, 1071, note. Cases in this court where this doctrine is recognized or applied are Culberson v. Empire Coal Co., 156 Ala. 416, 47 South. 237; Ala. City, G. & A. Ry. Co. v. Sampley, 169 Ala. 372, 53 South. 142; Wright v. McCord, 205 Ala. 122, 88 South. 150. No error was committed in giving defendant's charges numbered 49 and 61.

[9] The questions sought to be propounded to the witnesses Shepherd and Hood did not come within the rule of Anderson v. State, 209 Ala. 36, 95 South. 171, and authorities cited, where improper remarks or arguments of counsel were discussed and said to depend largely upon the issues, parties, and general circumstances of the case. There is no iron-clad rule that exists whereby the prejudicial qualities or character of improper remarks of counsel can be ascertained in all cases. The court instructed the jury that statements made to the court by respective counsel "are not to be taken as evidence in the case" or as "a part of the evidence"; that the jury would "take the evidence from the stand."

[10] The other objections to evidence are without merit. The statements were in the nature of threats against a class (not the details of a former difficulty), or against the agent or agents of defendant, of which Ratteree was one. Sharp v. State, 193 Ala. 22, 25, 69 South. 122. The cause of the threats was the arrest of deceased at or near Trussville by Ratteree, and others, after his unlawful attempt to ride defendant's train. Such threats illustrated his subsequent conduct and acts, and shed light on the reasonable appearance of things when, for the second time, Thomas came aboard the car at the time and under the circumstances indicated in the evidence.

[11, 12] The refusal to allow plaintiff to show by the witnesses Vann and Holmes what Ratteree was doing with the pistol, and what he said when the witnesses came up a few minutes after the homicide, was not error. It was no part of the res gestæ of the

killing. In Ferguson v. State, 141 Ala. 20, 27, 37 South. 448, the mother of deceased was with him when he was killed, and defendant made the remark to her, "Where in the hell are you going," about a minute or two after the killing. In Wells v. State, 187 Ala. 1,[1] the fact that defendant "immediately after shooting the deceased fired at Hawkins" was permitted, as res gestæ. In the instant case the time when the witnesses "come up" is not definitely located so as to make admissible the act (waving the pistol) and remark to the witnesses (to get away from there) as res gestæ. Smith v. State, 197 Ala. 193, 72 South. 316. The conduct of defendant's agents in removing the body of deceased from the car to the ground, and then replacing the same on the train, was immaterial to the inquiry of the illegal killing of Thomas in the present state of the evidence.

[13] There was error in overruling the motion for a new trial on the ground of newly discovered testimony. The motion comes within the rule declared in Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 South. 45.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.