(133 So. 710)
## MOUNT VERNON–WOODBERRY MILLS v. LITTLE.
### 5 Div. 72.

Supreme Court of Alabama.

March 12, 1931.

Rehearing Denied April 9, 1931.

Wilkinson & Burton and Hollis O. Black, all of Birmingham, for appellants.

Arthur B. Chilton and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellee.

Jas. W. Strother, of Dadeville, and J. Sanford Mullins, of Alexander City, for appellant.

BROWN, J.

■■ This is an action of trespass on the case by the plaintiff, suing as the personal representative of Graves Little, deceased, under section 5696 of the Code, against the defendant for wrongfully causing the death of plaintiff's intestate. The complaint consisting of a single count, alleges that "to-wit, on the 11th day of April, 1929, one John Craddock, an employe of the defendant, while acting within the line and scope of his said employment, unlawfully shot plaintiff's intestate, Graves Little, with a gun or pistol, and that said gun or pistol wound was the proximate cause of the death of plaintiff's said intestate."

The complaint was not subject to any of the grounds stated in the demurrer, and the demurrer was properly overruled. Southern Railway Co. v. Hanby, 166 Ala. 641, 52 So. 334.

After the plaintiff had offered evidence showing that the defendant was engaged in the business of operating a cotton mill manufacturing cotton goods, and in the mercantile business at Tallassee, Ala., that it owned a cotton mill village which was policed by a deputy sheriff, that Craddock was such deputy sheriff and was carried on the defendant's pay roll and was paid a weekly stipend of $18.90, the court, over the objection of the defendant, without further proof that Craddock was acting within the scope of his employment at the time of the shooting, allowed the plaintiff to offer evidence going to show the circumstances leading up to and attending the shooting; that it occurred in the mill village at the back of the mercantile store, Craddock's presence near the prostrate body of the intestate, and his declaration made immediately after the shooting, "There he is boys. I downed him."

■ The predicate in connection with the attending circumstances tended to show that Craddock was in and about his master's business at the time of the fatal rencounter, and his declaration in respect thereto was within the res gestæ rule. Williams v. State, 147 Ala. 10, 41 So. 992; Newsom v. State, 15 Ala. App. 43, 72 So. 579; Scipio v. Pioneer Mining & Mfg. Co., 166 Ala. 666, 52 So. 43; Shope v. Ala. Fuel & Iron Co., 195 Ala. 312, 70 So. 279; Walters v. Stonewall

Cotton Mills, 136 Miss. 361, 101 So. 495; Note 55 A. L. R. 1198.

■ The rule in respect to a motion by the defendant to exclude all of the plaintiff's evidence is that the trial court will not be put in error for refusing the motion, nor will it be put in error for granting it if evidence does not make a prima facie case. Dorough v. A. G. S. R. R. Co., 221 Ala. 305, 128 So. 602, overruling, in this respect, Stewart Bros. v. Ransom, 200 Ala. 304, 76 So. 70.

Charge 1, given at the request of plaintiff, was, on the authority of Riley v. Denegre, 201 Ala. 41, 77 So. 335, expressly approved in Parke v. Dennard, 218 Ala. 209, 118 So. 396, 400, but it is to be noted that the plea of justification in both of these cases alleged "freedom from fault in bringing on the difficulty" on the part of the defendant, an averment that is not present in the defendant's plea five in this case.

The fact that the plea in the last two cases cited contained the quoted averment, affirmative in form, is the ground upon which the charge was approved. See Murphy v. Coleman, 9 Ala. App. 625, 64 So. 185.

The rule stated in Morris v. McClellan, 154 Ala. 639, 45 So. 641, 16 Ann. Cas. 305, is that the defendant, in pleading self-defense in an action of trespass predicated upon a felonious assault resulting in a battery, must allege in his plea, along with the other elements of self-defense, that he was not at fault in bringing about the difficulty, and, while the burden of proof was on the defendant to sustain his plea, yet when he proved impending peril, and that there was no reasonable avenue of retreat, the burden shifted to the plaintiff to show that he was at fault in bringing on the difficulty—the rule obtaining in criminal prosecutions.

The holding in Morris v. McClellan, supra, was reaffirmed, both as to the rule of pleading and the burden of proof on the second appeal. Morris v. McClellan, 169 Ala. 90, 53 So. 155. These cases are the basis of the text stating the Alabama rule in 5 C. J. 664, § 102, in these words: "In Alabama it has been held that, having met the burden of sustaining his plea of self-defense, the burden of showing that defendant was not free from fault in bringing on the difficulty shifts to plaintiff."

And again in Ashworth v. Alabama Great Southern R. Co., 211 Ala. 20, 99 So. 191, 194, where it was observed: "In such civil action the burden of proof in establishing the several elements of self-defense is as declared for a criminal case."

In McDaniel v. State, 76 Ala. 1, a prosecution for murder, the court charged the

jury, at the instance of the state, "to make out a case of justifiable self-defense, the evidence must show that the difficulty was not provoked or encouraged by the defendant; that he was at the time, or appeared to be, so menaced as to create a reasonable apprehension of danger to his life, or of grievous bodily harm, and that there was no reasonable mode of escape from such impending peril."

The court speaking through Chief Justice Stone, in respect to that charge and another of like import, said: "They make it a condition of acquittal, under the plea of self-defense, that 'the evidence must show that the difficulty was not provoked or encouraged by the defendant.' This was a misplacing of the burden of proof. Enough for defendant, if he showed that he was, really, or to ordinary appearance, in imminent peril of life or limb, from which he had no other reasonable means of escape. To this defense it would have been a full answer, if the testimony had shown the defendant provoked or encouraged the difficulty. The law, however, does not presume such provocation or encouragement, and does not require disproof of it, unless there be testimony tending to prove its existence. Even then, it cannot be affirmed, as matter of law, that it must be disproved. The rule is, that its existence, when shown, is an answer to the plea of self-defense, but its existence is not presumed, so as to impose on the defendant the burden of its disproof." McDaniel v. State, 76 Ala. 1, 7; De Arman v. State, 71 Ala. 351; Keith v. State, 97 Ala. 32, 11 So. 914; Cleveland v. State, 86 Ala. 9, 5 So. 426. As to the negative proposition of the plea of self defense—that defendant was not at fault —the adverse party has the affirmative and hence the burden of proof. Brown v. State, 83 Ala. 33, 3 So. 857, 3 Am. St. Rep. 685; Hadley v. State, 55 Ala. 31; Morris v. McClellan, 154 Ala. 639, 45 So. 641, 16 Ann. Cas. 305; Gibson v. State, 89 Ala. 127, 8 So. 98, 18 Am. St. Rep. 96.

A like rule applies to one who asserts rights as an innocent purchaser without notice. Though he must allege that he purchased and paid, without notice, he meets the burden by showing purchase and payment, and puts the onus on the adverse party to prove notice. Slaughter v. First Nat. Bank of Montgomery, 109 Ala. 157, 19 So. 430; Hatter et al. v. Quina et al., 216 Ala. 225, 113 So. 47; Ely v. Paco et al., 139 Ala. 293, 35 So. 877; Reeder v. Cox, 218 Ala. 182, 118 So. 338.

As before stated, the pleas of justification in Riley v. Denegre, 201 Ala. 41, 77 So. 335, and Parke v. Dennard, 218 Ala. 209, 118 So. 396, 400, contained the averment that defendant was free "from fault in bringing on the difficulty," an averment in form affirmative (Murphy v. Coleman, supra), and whatever may be said in criticism of the holding in those cases, the form of the plea clearly differentiates them from the case at bar, where there was no such averment in the plea.

Charge 1, given for the plaintiff, in its first proposition—"that the burden is upon the defendant under the defendant's plea of self defense, to reasonably satisfy the jury from the evidence—First, that John Craddock was free from fault in bringing on the difficulty which resulted in the death of plaintiff's intestate"—misplaced the burden of proof and was erroneously given. McDaniel v. State, supra; Morris v. McClellan, 154 Ala. 639, 45 So. 641, 16 Ann. Cas. 305; Id., 169 Ala. 90, 53 So. 155.

The affirmative charge and charges 3, 4, and 5 were refused without error. If Craddock at the time of the killing was engaged in the business for which he was employed, and the killing grew out of or was an incident to the business in which he was engaged, it occurred within the line and scope of his employment.

Charge 7 is not clear of meaning and would have invited explanation. Its refusal was not reversible error. Sovereign Camp, W. O. W., v. Gay, 217 Ala. 543, 117 So. 78.

For the error in giving special charge 1, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.