| 6 | 707 |
|---|---|
| 104 | 582 |

## DAVIS v. CARLISLE.

1. The addition of the words " without defalcation, or set-off," to a promissory note, without the consent of the maker, is a material alteration, but if made by a stranger, without the knowledge or consent of the payee or holder, will not vitiate the note.

2. If it be shown that the alteration has been made, but it is not proved by whom, the jury may, in the absence of proof to the contrary, infer that it was made by the payee or holder, but the court cannot draw such inference as matter of law.

WRIT of error to the County Court of Perry.

Assumpsit by Davis, as indorsee of one William G. Davis, against Carlisle, as the maker of a promissory note. The defendant pleaded non-assumpsit, verified by oath.

The plaintiff, at the trial, produced a note in these terms:
"Without defalcation or set-off, there is due William-G. Davis the sum of eight hundred and six 10-100 dollars, which is to be

paid without fail by the 1st or 15th day of November next, with interest from date.   This October the 12th, 1842."

And proved the defendant's signature to it.   The defendant then proved that the words, "without defalcation or set-off," on the face of the note, had been added thereto, prefixed, or marked, since the note was made and delivered to the payee, but when or by whom the witness could not say, nor was this shown by any other witnesses.

The defendant also produced and proved sets-off to a large amount against the payee of the note, held before notice of the assignment of the same.

1. On this state of proof, the plaintiff requested the court to instruct the jury, that the words, "without defalcation or setoff," added to or inserted in the note after it was signed, was not so material an alteration as would avoid it in the hands of the assignee.   This was refused, and the jury charged, that these words, if inserted after the making and delivery of the note, and without the consent of the maker, would avoid it.

2. The plaintiff further requested the court to instruct the jury, that by introducing off-sets, the defendant recognized the validity of the alteration.   This was refused.

3. The plaintiff also requested the court to instruct the jury, that unless the alteration was shown to have been made by the payee, or assignee, or by some person with their consent or knowledge, then the alteration, if any was made, did not vitiate the note.   This was refused; and instead of it, the jury was charged, that if the alteration was made without the consent or knowledge of the defendant, then the alteration was material, and the note was not the note of the defendant.

These several charges and refusals are now assigned as error.

THOS. CHILTON, for plaintiff in error, cited 2 Sheppard's Touchstone, 68; Brown v. Jones, 3 Porter, 420.

DAVIS, with whom was GRAHAM, *contra*, cited, Greenleaf on Ev. 600, 565; Brown v. Jones, 3 Porter, 320; 1 N. H. 95, 145; 2 Am. Com. Law Cases, 228.

ORMOND, J.—We think it clear, that the words, "without

defalcation or set-off," were, if added without the knowledge or consent of the maker, an important alteration of the instrument. The right of set-off is given by statute, and attaches to every instrument when made. It is, however, certainly competent for any one to stipulate that he will not avail himself of it; and if he does, he will not afterwards be permitted to make an off-set against the note, either in the hands of the payee or his assignee.

It does not follow that a material alteration of a note, though without the consent of the maker, will render it void; if made by a stranger without the knowledge or consent of the payee or holder, it will not affect its validity. [Brown v. Jones, 3 Porter, 422.] When an alteration is proved, which, according to the law as above expounded, would render the instrument void, it devolves on the party seeking to enforce it to explain it by proving, either that the maker assented to it, or that it was made by a stranger without his knowledge; and if such explanation is not made, the jury will be authorized to infer that it was made by the holder, as he has it in possession.

Let us apply these principles to the case. The third charge moved for, "that unless the alteration was shown to have been made by the payee or assignee, or by some person with their knowledge or consent, that the alteration, if made, did not vitiate the note," was the law of the case, and should have been given to the jury. The presumption or inference, that it was made by the payee or assignee, in the absence of proof to the contrary, was one which the court could not make, but which it was the peculiar province of the jury to determine. That there was no proof by whom the alteration was made, would have justified the jury in drawing such an inference, and, doubtless, if so instructed, they would have so determined; but the charge of the court deprived them of the power of considering the fact by treating it as matter of law. In so doing, the court invaded the province of the jury; and for this error, the judgment must be reversed, and the cause remanded.