# Lewis v. The State.

*Indictment for an Assault with Intent to Murder.*

1.  *Self-defense; burden of proof; charge to the jury.*—In a criminal prosecution, when self-defense is set up, the burden is on the defendant of proving such defense; and a charge asserts a correct proposition which instructs the jury that "the burden of proving self-defense is on the defendant, and in order for him to be entitled to his discharge, it must be proved by a sufficient amount of evidence to raise at least a reasonable doubt of his guilt."

2.  *Same; burden of proof as to provoking difficulty.*—Where a defendant in a criminal prosecution sets up the defense of self-defense, the burden is on the State to prove that the defendant was at fault in bringing on the difficulty.

3.  *Same; same; charge to the jury*—Where the defendant in a criminal prosecution relies on self-defense, an instruction to the jury, given by the court *ex mero motu*, that "in order for the defendant to set up self-defense, he must show that he was entirely free from fault in bringing on the difficulty," is erroneous in that it misplaces the burden of proof on the inquiry as to who

was the aggressor; and the error in giving such an instruction is not cured by the fact, that in another portion of the court's general charge, he correctly instructed the jury as to the burden of proving who was at fault in bringing on the difficulty.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The appellant, Lem Lewis, was indicted, tried and convicted for an assault with intent to murder, and sentenced to the penitentiary for two years.

On the trial of the case, the defendant introduced evidence tending to show that the assault, which was proven by the State's evidence, was committed in self-defense. The only questions presented for review on the present appeal were the portions of the court's general charge to which the defendant reserved separate exceptions.

In the court's general charge to the jury, there was included, among others, the following instructions, which are numbered for convenience of reference : (1.) "The burden of proof of self-defense is on the defendant. And in order for him to be entitled to his discharge it must be proved by a sufficient amount of evidence to raise at least a reasonable doubt of his guilt." (2.) "When stated in that general form, it is true that the burden is on the defendant of proving the plea of self-defense, by at least such weight of evidence as will raise in your minds a reasonable doubt of his guilt. But you will recollect that I told you that three things must appear from the evidence in order to make out a case of self-defense, in answer to a charge of felonious assault, and defined them to you, to-wit : (1) That there was a necessity to strike ; (2) that there was no · reasonable means of avoiding it by retreat ; and (3) that the defendant was free from fault. Now, when the plea of self-defense is considered with reference to these elements the burden of proof is distributed in this way ; the defendant must show that he was under the necessity to strike. And that he could not reasonably avoid it by retreat. And this being done, the burden rests on the State to show that the defendant was not free from fault." (3.) "If, after considering all the evidence, that tending to show a case of self-defense included, you

[Lewis v. The State.]

have a reasonable doubt as to whether defendant was guilty or whether he acted in self-defense, you must acquit the defendant." (4.) "In order for the defendant to set up self-defense he must show that he was entirely free from fault in bringing on the difficulty."

To the portions of the court's general charge which are above numbered the defendant separately excepted.

HILL & HILL, for appellant, cited *McDaniel v. State,* 76 Ala. 1; *Keith v. State,* 97 Ala. 32; *Cleveland v. State,* 86 Ala. 1; *Gibson v. State,* 89 Ala. 121; *Holmes v. State,* 100 Ala. 84; *Linnehan v. State,* 113 Ala. 84; *Henson v. State,* 114 Ala. 25.

CHARLES G. BROWN, Attorney-General, for the State.

McCLELLAN, C. J.—The court correctly charged the jury that "the burden of proof of self-defense is on the defendant, and in order for him to be entitled to his discharge it must be proved by a sufficient amount of evidence to raise at least a reasonable doubt of his guilt." The doctrine that the burden is on the State where self-defense is relied on to prove that the defendant was at fault in bringing on the difficulty is also correctly stated in the general charge given *ex mero motu* by the court. But in another part of the general charge the jury are instructed that, "In order for the defendant to set up self-defense, he must show that he was entirely free from fault in bringing on the difficulty." This was a palpable misplacing of the burden of proof on the inquiry as to who was the aggressor, and the statement is so entirely opposed to, so in conflict with, what is said on this subject in another part of the charge that the error of it cannot be eradicated by considering the charge as a whole. At the best it could only have been concluded by the jury that the charge contained antagonistic statements on this point; and their adoption of the correct exposition would have been entirely problematical.

Reversed and remanded.