(130 So. 327)

## BIRMINGHAM TRUST & SAVINGS CO. v. ACACIA MUT. LIFE ASS'N.

### 6 Div. 693.

Supreme Court of Alabama.

Oct. 9, 1930.

562

Altman & Koenig and J. Edgar Bowron, all of Birmingham, for appellant.

Howard W. Kacy, of Washington, D. C., and O. D. Street & Son, of Birmingham, for appellee.

ANDERSON, C. J.

The trial court did not commit reversible error in giving the defendant's requested charge set out in the fourth assignment of error and which we number 4 on the margin of the record. It asserts a truism and the criticism against same is highly technical, though perhaps justified, in a sense, by some of the courts and text-writers. As we understand, the charge means this and nothing more, that, as the law presumes that the intestate came to his death from natural causes, it was incumbent upon the defendant to show that he took his own life, and, when the defendant introduced the certificate showing that he died from self-inflicted strangulaation, said certificate was prima facie proof of said recital under section 1087 of the Code of 1923. It then became incumbent upon the plaintiff to go forward and rebut or overcome the prima facie case. This was the plain simple meaning of the charge whether it used the word burden, duty, or that it was incumbent upon the plaintiff to go forward with the evidence, and the purpose or effect of same could not have misled a common-sense jury who are not presumed to be versed in finespun theoretical distinctions attempted by law-writers between the shifting of the burden of proof and going forward with the evidence as the proof develops prima facie cases or defenses.

In 10 R. C. L. page 897, § 45, under the heading of "Shifting of Burden" it is said: "The term 'burden of proof' has two distinct meanings. By the one is meant the duty of establishing the truth of a given proposition or issue by such a quantum of evidence as the law demands in the case in which the issue arises; by the other is meant the duty of producing evidence at the beginning or at any subsequent stage of the trial, in order to make or meet a prima facie case. Generally speaking, the burden of proof, in the sense of the duty of producing evidence, passes from party to party as the case progresses, while the burden of proof, meaning the obligation to establish the truth of the claim by a preponderance of evidence, rests throughout upon the party asserting the affirmative of the issue, and unless he meets this obligation upon the whole case he fails."

Mr. Jones, in his excellent work on evidence, after pointing out the fact that some courts have made labored distinctions between the "burden of proof" and the "weight of the evidence," and which has been of little practical value, in section 177, page 206, says: " 'During the progress of a trial it often hap-

pens that a party gives evidence tending to establish his allegation, sufficient it may be to establish it prima facie, and it is sometimes said that the burden of proof is then shifted. All that is meant by this is that there is a necessity of evidence to answer the prima facie case or it will prevail, but the burden of maintaining the affirmative of the issue involved in the action is upon the party alleging the fact which constitutes the issue; and this burden remains throughout the trial.' " Jones on Evidence.

Indeed, our own court, in dealing with the duty of going forward with the evidence to rebut or overcome a prima facie case or fact, speaks of it as shifting the "burden of proof" from one side to the other and rests with plaintiff or the defendant upon the development of the circumstances in the evidence. Higman v. Camody, 112 Ala. 267, 20 So. 480, 57 Am. St. Rep. 33. Again, this court, in the case of Starks v. Comer, 190 Ala. 245, 67 So. 440, 443, while recognizing the fact that noted writers draw a distinction between the "burden of proof," strictly speaking, and the duty of going forward with the evidence, said: "We only mean to say, in this behalf, that the failure of the trial court to observe this nice distinction in phraseology in dealing with this subject was at least not reversible error."

The other assignments of error as insisted upon in argument are so patently without merit that a discussion of same can serve no useful purpose. As there was no reversible error upon the main trial, the circuit court cannot be put in error for overruling the motion for a new trial even if the question was properly presented for review, which is questionable. Newell Contracting Co. v. Glenn, 214 Ala. 282, 107 So. 801.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.