140 So. 381

## TURNER v. BIRCHFIELD.
### 7 Div. 45.

Supreme Court of Alabama.
March 10, 1932.

A. L. Crumpton, of Ashland, for appellant.

C. W. McKay, of Ashland, for appellee.

GARDNER, J.

The suit was statutory ejectment based upon a mortgage duly foreclosed. The defendant insisted that at the time and prior to foreclosure the mortgage had been paid. A number of receipts were referred to in the testimony, and two were offered in evidence by defendant, the execution of which was denied by the mortgagee, as a witness for the plaintiff, the mortgagee insisting that on those dates he gave receipts for amounts considerably less than those shown on the receipts. The issue of fact was submitted to a jury, and verdict rendered adversely to defendant, and from the judgment following he has prosecuted this appeal.

Plaintiff's evidence, consisting of the testimony of the mortgagee, and the offering in evidence of the mortgage, notes, and foreclosure deed, established prima facie a case for recovery, and the burden of proof rested upon defendant on his plea of payment. May v. Middleton, 211 Ala. 459, 100 So. 640.

Counsel argue defendant's refused charge upon the assumption that it presents the question as to burden of proof as to alteration of the instruments, and cite numerous authorities, among them Bouldin v. Barclay, 121 Ala. 427, 25 So. 827; Ehl v. Watkins Med. Co., 216 Ala. 69, 112 So. 426; 1 Greenl. on Ev. § 564; Barclift v. Treece, 77 Ala. 528; Glover v. Gentry, 104 Ala. 222, 16 So. 38; Whitewater Lbr. Co. v. Langford, 216 Ala.

510, 113 So. 525; Davis v. Carlisle, 6 Ala. 707; §§ 7717 and 7669, Code, 1923; 2 Corpus Juris 1267–1282. It is the rule, however, that a requested charge should be so framed that it will not mislead, and that the principle of law involved be correctly stated or expressed. Eagle & Phoenix Mfg. Co. v. Gibson, 62 Ala. 369; Thomas v. State, 124 Ala. 48, 27 So. 315; Brown v. State, 46 Ala. 175. A reading of the refused charge discloses it is not confined to the question argued and, indeed, the word "alteration" is not used. The charge is of much wider scope, and, in view of the burden of proof as to payment resting upon defendant, it had a decided tendency to mislead, which fully justified its refusal. Herring v. L. & N. R. R. Co., 203 Ala. 136, 82 So. 166; B'ham. Rwy. & Elec. Co. v. Wildman, 119 Ala. 547, 24 So. 548; 27 Ala. & So. Dig. page 200.

Moreover, the trial court in the oral charge instructed the jury that the "burden of proof is on the plaintiff to satisfy you from the evidence that the mortgage debt had not been paid," thus placing upon the plaintiff a greater burden of proof than the law required, and which would of course include any explanation as to receipts offered by defendant. In any event, therefore, defendant has suffered no injury by the refusal of his requested charge.

The refusal of this charge is the only question argued, and, as it presents no reversible error, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.