## LA MODE READY TO WEAR, Inc., v. WALLACE et ux.

### No. 2690.

Court of Civil Appeals of Texas. El Paso.

July 7, 1932.

C. K. Bullard and E. F. Kucera, both of Dallas, for appellant.

Allen & Allen and E. G. Moseley, all of Dallas, for appellees.

PELPHREY, C. J.

This suit was brought by appellant against appellees to recover the sum of $207.72, plus legal interest, which sum appellant alleged was due it for goods, wares, and merchandise sold by it to appellees, at their special instance and request, and further alleging that said goods, wares, and merchandise were necessaries of life for appellee Wallace's wife and/or family, and that the goods, wares, and merchandise were reasonably worth the sums charged therefor.

Appellees filed a general demurrer and general denial, and Mrs. Wallace specially pleaded that on the dates of the purchases she was a married woman and incapable of entering into a valid contract.

Mr. Wallace also specially answered and alleged that prior to the day and dates of the alleged purchases he had given notice to appellant that he would not be responsible for and would not pay for articles, goods, wares, and merchandise bought by his wife and/or family, that the goods, wares, and merchandise described in appellant's exhibit were not necessaries to his wife and/or family, and that he had at all times provided his wife and family with the necessaries of life.

The case was tried to a jury on special issues, who found: (1) That during the year 1926 Wallace notified appellant that he would not further be responsible for any charges made to his account; (2) that subsequent to the giving of such notice Wallace did not know that charges were being made to his account on appellant's books; and (3) that the items for which appellant sued were necessaries.

Upon these findings judgment was in favor of appellant against Mrs. Wallace for the amount of its claim, together with $18.50 interest, and that, as against Mr. Wallace, appellant take nothing. This appeal is from the latter part of such judgment.

Appellant's position on the question of law here involved is that Mr. Wallace is liable to it on the theory that the goods sold his wife (there being no dispute as to the fact that she made the purchases) were necessaries, and that, being necessaries for his wife and family, he is liable therefor regardless of the fact that he had instructed it not to make any more charges against his account and of the further fact that he amply provided for his family.

Appellees, on the other hand, contend that, after notice, appellant, in order to recover for the items, must establish either ratification by the husband, or that he had failed to provide his wife and family with the necessaries of life.

It is admitted by counsel for the parties that there are no Texas authorities directly in point on the question.

■ We find, however, that our Supreme Court in Black v. Bryan, 18 Tex. 453, decided that the husband's liability for necessaries furnished the wife arose from his duty, growing out of the marriage relation itself, to supply her with necessaries. It therefore follows, we think, that a person furnishing a wife with goods, wares, and merchandise, in order to hold the husband liable. would have the burden of showing either authority from, ratification by, the husband, or that the articles furnished were necessaries.

■ Where, as in the case at bar, the husband has instructed the merchant not to charge to his account goods, wares, and merchandise purchased by the wife, then, of course, unless the husband has by word or deed ratified the purchases made after the giving of the instruction, his liability would depend upon whether or not he has performed his duty to provide his wife with the necessaries of life, for, as said by the Supreme Court in Black v. Bryan, supra, that is the true ground of his liability. It follows, we think, that a merchant who furnishes to the wife goods. wares, and merchandise after receiving such instructions from the husband, would have the burden of showing that the articles furnished were necessaries and that the husband had failed to provide her with such necessaries, before he could hold the husband liable.

■ In the case at bar the jury found that articles sold to Mrs. Wallace were necessaries, but they also found that prior to such purchases Mr. Wallace notified appellant that he would not be responsible for any subsequent charges made against his account, and that he did not know of the purchases made by his wife subsequent to such notice.

The only evidence in the record on the question shows that Wallace was furnishing his wife with funds sufficient to provide herself and the children with the necessaries of life; therefore, under the jury's finding that Wallace had given appellant notice, we must conclude that appellant failed to show itself entitled to recover the amount sued for from Mr. Wallace.

Our position finds support in the cases cited in 30 Corpus Juris, p. 599.

The judgment as to appellee Wallace is affirmed, and, no appeal having been taken from the judgment against Mrs. Wallace, it will not be disturbed.

Affirmed.