144 So. 834

## HARRIS v. WRIGHT.

### 8 Div. 267.

Supreme Court of Alabama.

Oct. 27, 1932.

Rehearing Denied Dec. 15, 1932.

Tennis Tidwell, of Decatur, for appellee.

**GARDNER, J.**

The action is under our homicide statute (Code 1923, § 5696), with verdict and judgment for plaintiff. Defendant admitted the killing, and sought to justify upon his plea of self-defense, upon which issue the evidence was conflicting. In such a plea all the elements of self-defense should appear (Drummond v. Drummond, 212 Ala. 242, 102 So. 112), including that of defendant's freedom from fault (Wilhite v. Fricke, 169 Ala. 76, 53 So. 157).

Assignments of error 5 and 6 as to rulings on demurrers to pleas 2 and 3 are not well taken. Moreover, it appears these pleas originally contained such averment, though defective in form, and the amendment thereof merely cured such defect, and did not change the pleas in substance and effect. No injury, therefore, in any event, could have resulted to defendant from this ruling.

Appellant insists there was reversible error in the refusal of charges G and H, relying upon Morris v. McClellan, 169 Ala. 90, 53 So. 155; Riley v. Denegre, 201 Ala. 41, 77 So. 335; Ashworth v. Ala. Great So. R. R. Co., 211 Ala. 20, 99 So. 191, 194; and Mt. Vernon-Woodberry Mills v. Little, 222 Ala. 605, 133 So. 710. It is the established rule, however, that a requested charge be so framed that it will not mislead, and that the principle of law involved be correctly stated or expressed. Turner v. Birchfield, 224 Ala. 316, 140 So. 381. The language of these charges indicates the view that, upon defendant establishing all elements of self-defense, save that of freedom from fault, the burden of proof shifts to the plaintiff. But our cases recognize what has been termed a "nice distinction" (Starke v. Comer, 190 Ala. 253, 67 So. 440) between the burden of proof, which, strictly speaking, never shifts from the affirmative to the negative, and the "duty of going forward with the evidence" which frequently shifts as a result of prima facie proof or legal presumption. Starke v. Comer, supra; Lawson v. Mobile Electric Co., 204 Ala. 318, 85 So. 257; Mutual Life Ins. Co. v. Maddox, 221 Ala. 292, 128 So. 383. The charges ignored this distinction, and this, without more, justified their refusal. We are aware of the expression in some of our cases where this distinction is not observed (among them we may note Buffalow v. State, 219 Ala. 407, 122 So. 633), but such phraseology in the opinions does not serve to eliminate the distinction and render the language of the charge less inaccurate.

In Birmingham Trust & Savings Co. v. Acacia Mut. Life Ass'n, 221 Ala. 561, 130 So. 327, it was held that the court's failure to observe this distinction in charging the jury was not error to reverse, but such holding in no wise justifies a reversal of the trial court's ruling in refusing a charge which fails to observe such distinction. An observance of accuracy in instructions to the jury should be encouraged, rather than condemned.

Moreover, defendant received the benefit of these charges in charge 13, given in his behalf, which relieved him of all burden of proving his freedom from fault and entitled him to a verdict in his favor if the jury was reasonably satisfied from the evidence of the other elements of self-defense hypothesized therein. The jury, under this charge, were not concerned with the administrative rule as to the duty of going forward with the evidence, and this given charge was more favorable than those refused. In no event, therefore, could error to reverse be said to appear. So. Rwy. Co. v. Pruett, 200 Ala. 675, 77 So. 49.

Pleas 2 and 3 contain affirmative averments of freedom from fault, under which form of pleading the case of Mt. Vernon-Woodberry Mills v. Little, supra, justified the refusal of charge 1 in Riley v. Denegre, supra, followed in Parke v. Dennard, 218 Ala. 209, 118 So. 396, on the matter of burden of proof in the pleas of justification therein interposed. The argument as to the exception to the oral charge of the court constituting assignment 32 is rested upon the theory that plea 4 contained no such affirmative averment, and therefore the burden of proof was misplaced. But we think it clearly demonstrated by a reading of the preceding language of the oral charge that the court was then considering the defense interposed under pleas 2 and 3, and as so applied, under the foregoing authorities, the excepted to portion of the charge contains no reversible error.

At the time of the shooting, defendant was in his automobile and shot deceased with a derringer pistol. The plaintiff, over defendant's general objection, was allowed to prove and offer in evidence a "sawed off" shotgun, which was at the same time found in the front part of defendant's car "down on the floor board." True, defendant made no use of the gun, but its discovery in the car constituted a part of the "surroundings and circumstances" of the killing, and was admissible as a part of the res gestæ and particularly in view of the plea of self-defense. Ragland v. State, 178 Ala. 59, 59 So. 637; Kuykendall v. Edmondson, 200 Ala. 650, 77 So. 24; White v. State, 195 Ala. 681, 71 So. 452; Holland v. State, 24 Ala. App. 199, 132 So. 601.

The cases of People v. Riggins, 159 Cal. 113, 112 P. 862; Smith v. State, 140 Ga. 791, 79 S. E. 1127, and Hardaman v. State, 16 Ala. App. 408, 78 So. 324, do not support appellant's insistence. They each relate to defendant's possession of a weapon some time after the homicide, and in no manner form any part of the surrounding facts and circumstances thereof.

■ The exceptions reserved to the oral charge, constituting assignments 27, 28, and 29, were in a general way and by the subjects only, which gave to the trial court no definite information upon which the objections were based. We are inclined to the view the manner of reservation of these exceptions do not suffice to meet the requirements of our rule. Crenshaw & Co. v. Seaboard Air Line Rwy. Co., 219 Ala. 206, 121 So. 736; Birmingham Rwy. Lt. & Power Co. v. Cockrum, 179 Ala. 372, 60 So. 304.

■ But, this aside and undetermined, we find in these assignments no error to reverse. The trial court was engaged in defining the elements of murder in the first and second degree and manslaughter in the first degree with the idea that in awarding the damages the jury could properly consider these various elements of the crime to determine the degree of defendant's culpability, if not exonerated of the charge, and such was the connection in which the court had defined the constituent elements of the crime charged. So considered, therefore, we think the jury understood all such instructions were withdrawn, when, at the conclusion of the charge, the court stated: "Gentlemen of the jury, I will withdraw from you all I said about basing your damages on what you ascertain from the evidence that the killing constituted murder in the first degree or murder in the second degree, or manslaughter in the first degree." And, if defendant was apprehensive such was not the effect of the withdrawal, he should have then requested further instructions. He reserved no further exception, nor did he make further request for more definite withdrawal by charge or otherwise.

■ We do not mean to indicate a view that the notion originally entertained by the trial judge was erroneous, in view of the fact that under our homicide statute the damages are purely punitive and not compensatory. Dowling v. Garner, 195 Ala. 493, 70 So. 150. But the case calls for no definite opinion upon that question, and it may be pretermitted.

The writer (with whom Justice KNIGHT concurs) is of the opinion that the assignments argued in brief present no error to reverse, and that the judgment should be affirmed. As to refused charge H and the exception to the oral charge constituting assignment 32, they entertain the view that the authorities herein cited sustain the action of the trial court in this regard, and that these authorities should not now be disturbed, and the doctrine of stare decisis should be given application.

■■ But a majority of the court, consisting of Chief Justice ANDERSON and Associate Justices THOMAS, BOULDIN, BROWN, and FOSTER, while concurring in the foregoing opinion in all other respects, entertain the view that reversible error was committed as to assignment 32 (exception to the oral charge) and refusal of charge H. As to charge H, however, Justice FOSTER agrees with the opinion, and confines his concurrence in reversal to assignment 32. The views of the majority are expressed by them as follows:

A majority of the court, namely, ANDERSON, C. J., THOMAS, BOULDIN, BROWN, and FOSTER, are of the opinion that the portion of the oral charge of the court to which exception was reserved misplaces the burden of proof on the question of defendant's freedom from fault in provoking or encouraging the difficulty, and was error to reverse. Morris v. McClellan, 154 Ala. 639, 651, 45 So. 641, 16 Ann. Cas. 305; Morris v. McClellan, 169 Ala. 90, 53 So. 155; Michie's Ala. Digest, vol. 1, p. 746, § 18; Mt. Vernon-Woodberry Mills v. Little, 222 Ala. 605, 133 So. 710; Lewis v. State, 120 Ala. 339, 25 So. 43; Naugher v. State, 116 Ala. 463, 23 So. 26; Wilkins v. State, 98 Ala. 1, 13 So. 312.

The same justices, except Justice FOSTER, are also of the opinion there was error in refusing defendant's written charge H. This charge does not deal with the burden of proof in reciting the hypothetical facts shown by defendant. That the charge uses the expression "burden shifts to plaintiff," to prove defendant at fault, did not justify its refusal. We adopt and follow what was written in Birmingham Trust & Savings Co. v. Acacia Mutual Life Ass'n, 221 Ala. 561, 130 So. 327, 328, to the effect that the technical distinctions between "shifting of the burden" and "burden of * * going forward with the evidence" has no place in giving instructions to juries. See, also, Higman v. Camody, 112 Ala. 267, 20 So. 480, 57 Am. St. Rep. 33, and cases heretofore cited. Expressions opposed to the above views found in cases cited by Mr. Justice GARDNER are disapproved and overruled.

Neither does the mere form of the plea, whether affirmatively averring defendant "was free from fault," or negatively, such as "was not at fault," work any change in the burden of proof. The holding to the contrary in Mt. Vernon-Woodberry Mills v. Little, supra, and cases supporting same are also overruled on that point.

■ Charge G was confusing and misleading, not to say self-contradictory, and was properly refused. As to charge H, Justice FOSTER concurs in the opinion of Justice GARDNER.

It results from the holding of the majority, as above indicated, that the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS, BOULDIN, BROWN, and FOSTER, JJ., concur.

GARDNER and KNIGHT, JJ., dissent.