26 So.2d 203

**GUTHRIE v. BOBO.**

8 Div. 479.

Court of Appeals of Alabama.
March 5, 1946.

Rehearing Denied May 21, 1946.

Bradshaw & Barnett, of Florence, for appellant.

F. S. Parnell, of Florence, for appellee.

**CARR, Judge.**

Appellee, a groceryman, brought suit on account against appellant for groceries bought by and charged to the latter's wife. In the court below, the trial judge, sitting without a jury, rendered judgment in favor of plaintiff.

The account in question covered a period from July 31, 1944, to October, 1944, or approximately two months. Purchases were made practically each day during the interim, and the total amount summed up to $52.10.

It appears without conflict in the evidence that appellant did not know that his wife was making the purchases at appellee's store until subsequent to the date of the last statement. In fact, sometime prior to July 31, 1944, it was brought to the attention of the defendant that his wife had an unpaid account with the plaintiff, at which time he settled it and endorsed on the back of the check with which it was paid: "It is understood that this acc. is closed for good and nothing else is to be charged to me."

The common law imposed upon a husband the duty and obligation to furnish necessary maintenance to his wife and minor children. The limits of this requirement are measured by the needs of the family unit and correspondingly by the financial ability of the obligor. This imposition was not absolved by the statutory creation of the separate estate of married women. Neither is the husband relieved of this responsibility if the necessities are furnished without his knowledge or consent. 41 C.J.S., Husband and Wife, § 50 (b), p. 511, and § 55, p. 520; 26 Am.Jur., Sec. 337, p. 934; McMillan v. Fabretta, 231 Ala. 188, 163 So. 793; Ponder v. Morris & Bro., 152 Ala. 531, 44 So. 651; Smyley v. Reese, 53 Ala. 89, 25 Am.Rep. 598.

The above rule is subject, however, to a well-recognized exception. Our courts have approved the limitations stated in 41 C.J.S., Husband and Wife, § 55, p. 520: "If a husband provides necessaries for his wife, and forbids certain persons or all persons to give her credit in his name, and such credit is nevertheless given, such notice will bar a recovery from him. On the other hand, the mere fact that a husband gives notice not to give credit to his wife for necessaries will not relieve him from his liability where he fails to support her. The supplies furnished her are within the classification of necessaries, and the circumstances are such that he would otherwise be liable; but it is incumbent on persons who furnish the wife with necessaries after such notice to show that the goods were necessaries and that the husband had failed to supply them, in order to bind him." See, also, McMillan v. Fabretta, supra; 41 C.J.S., Husband and Wife, § 50(b), p. 511; La Mode Ready To Wear Inc. v. Wallace, Tex.Civ.App., 52 S.W.2d 276.

This brings us to a consideration of the question of whether or not, in the case at bar, the appellant is brought under the influence of the above-stated exception.

The record does not give a very accurate estimate of the appellant's financial conditions, nor does it reveal a satisfactory description of the reasonable needs of his family. It does, however, disclose that the defendant at the time of the trial was employed as an electrician foreman at the plant of Reynolds Alloys and that he occupied his home as a tenant. We gather from the evidence that the family was composed of the wife and five or six minor children, ranging in ages from one and one-half to fourteen years.

As we have indicated, the account in question covered a period of about two months. The testimony shows without conflict that during this interval appellant gave his wife twenty-three checks, in the sum total of $360.60, and in addition he gave checks to the "milk man", coal dealer, physician, laundry and department stores in the summed amount of $112.64, making a grand total of $473.24. According to the evidence, these checks were given for the necessary needs of the family maintenance. The above figures show that, during the time in question, appellant so furnished an approximate average of $7 a day. For the sake of accuracy, we state that the check to the physician was for $25.

The defendant testified, also, that his wife was supposed to pay the house rent out of these allowances, but she became delinquent in the payments and he was compelled to make settlement.

We entertain the view that the appellant fully met his responsibility to his family in the matter of instant inquiry and that the nisi prius court erroneously imposed the additional duty on him to pay the account in question, which account was incurred without appellant's knowledge and against his express instructions.

The evidence we have stated is without conflict, and it appears that a remandment of this cause will be an unnecessary procedure. We, therefore, reverse the judgment of the lower court and here order that a judgment be rendered in favor of the defendant below. Title 7, Sec. 810, Code 1940.

Reversed and rendered.