79 So.2d 440

## W. T. MARTIN'S ADMINISTRATORS

v.

## Thelma E. HUDSON.

### 4 Div. 787.

Supreme Court of Alabama.

Nov. 11, 1954.

Archie I. Grubb, Eufaula, for petitioner.

W. Seymore Trammel, Eufaula, opposed.

SIMPSON, Justice.

Petitioner, Mrs. Thelma E. Hudson, was involved in an accident in an automobile in which defendants Earl Martin and Reid Martin were riding and subsequently sued out an attachment against the said Martins as nonresidents of Alabama, which was levied on a Ford automobile as the property of the defendants. Earl Martin claimed to have purchased the automobile. This defendant's father filed an affidavit and claim bond claiming the property as his under a mortgage allegedly executed by his said son to him prior to the levy of the attachment.

Looking to the opinion of the Court of Appeals in connection with the judgment of the trial court, 79 So.2d 436, it is apparent that the single issue in the case was whether or not the alleged mortgage held by defendant's father as claimant was a valid subsisting one on the automobile at the time the plaintiff had it attached. The trial court, sitting without a jury, decided in the negative, holding that the mortgage was not bona fide and rendered judgment for the plaintiff and against defendant. On appeal the Court of Appeals reversed the ruling below and, rather than rendering judgment for the claimant, remanded the cause, although it does not appear from the opinion that any more evidence could have been found on the question of the genuineness of the mortgage. Guthrie v. Bobo, 32 Ala.App. 355, 26 So.2d 203; Robison v. State, 30 Ala.App. 12, 200 So. 626.

On a studious consideration of the opinion of the Court of Appeals we are impressed that the learned court failed to respond to and decide exactly the issue supra. We therefore are constrained to

4

grant the certiorari and remand the cause to that court for further consideration and decision of this strict question.

There was no issue, as the opinion of the Court of Appeals would seem to indicate, as to the effect of the mortgage's recordation subsequent to the levy of the plaintiff's attachment. The only question was whether or not the alleged mortgage was validly executed prior to the date of the levy, which the son claimed he had given the father and on which the father rested his claim of title.

The opinion states: "Question is raised in appellee's brief as to the bona fides of the transaction between claimant and defendant Earl Martin, principally because of the kinship of the parties and because the instrument was not filed for record until April 16, 1951, in Georgia, and April 18, 1951, in Alabama, the levy having been made on February 26, 1951." But there seem to have been other circumstances mentioned in the opinion which the trial court was at liberty to consider in making up its opinion as to the bona fides of the mortgage transaction.

We think therefore, that the categorical statement in the opinion, "The kinship of the claimant and defendant created no presumption of fraud, and if there was proof sufficient to make out claimant's case, the relationship did not cast on him the additional burden of making other and clearer proof of the good faith of the parties. Teague v. Lindsey, 106 Ala. 266, 17 So. 538; Troy Fertilizer Co. v. Norman, 107 Ala. 667, 18 So. 201", does not fully state the applicable rule. For in the Teague case the court, while observing that the relationship —the kinship of vendor and vendee—is not of itself a badge of fraud, and of itself does not demand clearer proof of the good faith of the parties, went on to say [106 Ala. 266, 17 So. 542], "It is a fact, as would be the existence of confidential relations between the parties, relevant in all cases, but dependent for its value upon other circumstances with which it may be connected."

And in the Troy Fertilizer case, supra [107 Ala. 667, 18 So. 205], the court said:

"The relationship of the parties was a relevant fact to be considered by the jury, dependent for its value on the other evidence in the case; and, if from all the evidence, including the fact of relationship, the jury were satisfied there was no fraud in the transaction, the fact of the existence of this relationship did not cast on the claimant the additional burden and duty of making other and clearer proof."

We think the case of Miller v. Bryant, 25 Ala.App. 564, 567–568, 151 So. 362, 365, certiorari denied 227 Ala. 570, 151 So. 366 more clearly states the applicable rule of law, as follows:

"The fact that the parties, defendant, were father, mother, and son, and were living on terms of close intimate relationship, is not of itself a badge of fraud, but it is a fact showing confidential relations relevant in all cases, but dependent for its value on other circumstances with which they may be connected. * * *

* * * * * *

"Where the parties to the transaction by and through which intervener obtained her title are related to each other as in this case, this fact in connection with other facts may be sufficient to raise a presumption of fraud and shift the burden of proof to the intervener to show good faith on her part. 27 Corpus Juris 791 (717) (b). The bold statement, therefore, * * that the burden of proof is on the plaintiff, without any qualifications, becomes misleading * * *."

This statement of shifting the burden of proof is, of course, to be construed in the light of our cases such as King v. Aird, 251 Ala. 613, 38 So.2d 883, and Birmingham Trust & Savings Co. v. Acacia Mut. Life Ass'n, 221 Ala. 561, 130 So. 327.

As we view the opinion of the Court of Appeals, this governing rule of law seems not to have been fully applied to the stated

facts, and the authorities cited in the opinion have not been drawn under a decision of the single issue of fact to be decided, thereby constraining us to believe that the cause should be remanded to the end that that court should more clearly state its conclusions of fact as applied to the governing principle of law. Liberty National Ins. Co. v. Trammell, 255 Ala. 1, 51 So.2d 174.

Reversed and remanded.

STAKELY, GOODWYN and MERRILL, JJ., concur.

LIVINGSTON, C. J., and LAWSON and CLAYTON, JJ., dissent because they construe the opinion of the Court of Appeals as showing that its judgment is based on its finding of fact and for that reason they are of the opinion that the judgment of the Court of Appeals should be affirmed under the often-stated rule that this court does not review findings of fact made by the Court of Appeals.