HOLMES, Judge.
The Baptist Hospital of Gadsden sued the mother and father of a minor child. The hospital claimed the mother and father owed the hospital for services performed on behalf of the minor.
The circuit court, without a jury, found in favor of the hospital and entered a judgment against both the mother and father. The mother appeals from that judgment. The father makes no appeal.
As we perceive able counsel for the mother’s argument in brief, it is his contention that the law of Alabama provides that the primary responsibility for support of a minor child is the duty of the father and the mother has no duty to support. The mother therefore contends that the trial court could not, as a matter of law, enter a judgment against the mother. We disagree and affirm.
The record before this court reveals that the mother and father were divorced in 1971. The divorce decree in pertinent part provided that the primary custody of the minor child was to be with the mother. The father was to have custody on certain weekends during the month. The husband was required to provide each month a certain amount for child support. No specific provision was made with reference to medical expenses.
While the child was with the father on a weekend as provided in the decree of divorce, he broke his arm. The child was taken by the father to the plaintiff-hospital. Services were performed by the hospital. The father informed the hospital to bill the mother for the services performed. The amount of this bill was slightly in excess of $200.
*17 Both the mother and father thereafter refused to pay the hospital’s bill. The hospital sued both the mother and father jointly-
The Etowah County Court entered judgment against the mother and father. The mother appealed to the circuit court. The circuit court entered a judgment against both the mother and father and, as indicated above, the mother has appealed to this court.
We would note at this point that both counsel for the mother and father have favored this court with concise and well written briefs. We would further note that the lawsuit was tried on an agreed statement of facts which provide little detail.
Suffice it to say that in this instance, as the issue is presented to us, we perceive no legal impediment in the trial court’s action of entering a judgment against both the mother and father. We believe Thomason v. Thomason, 53 Ala.App. 206, 298 So.2d 627 (1974), authored by Presiding Judge Wright, clearly indicates that there is no law that prevents requiring child support or contributions thereto by the mother if she is shown to be capable of providing such support.
In view of the above, we cannot say that in this instance, we find reversible error by the trial court in entering a judgment against both the mother and the father. The case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.