HOLMES, Judge.
The University of South Alabama Medical Center Hospital (hospital) filed suit against Leroy M. Patterson, the father of a fifteen-year-old daughter who had given birth to a baby at the hospital and received medical. services in connection therewith.
The hospital sought to collect approximately $3,600 from the father in payment of the services rendered to his minor daughter.
Both parties filed motions for summary judgment and apparently submitted the case to the trial court on stipulated facts. The trial court entered a summary judgment for the father, holding that he was not liable for his daughter’s medical expenses.
The hospital appeals. We affirm.
It is well established in this state that a father has a legal and moral duty to support his minor children. Brock v. Brock, 281 Ala. 525, 205 So.2d 908 (1967); Hamilton v. Hamilton, 428 So.2d 65 (Ala.Civ.App.1983). As the hospital contends, this duty includes the obligation to pay for medical necessaries of the children. See Blue Cross & Blue Shield v. Bolding, 465 So.2d 409 (Ala.Civ.App.1984); Mobley v. Baptist Hospital, Inc., 361 So.2d 16 (Ala.Civ.App.1978); Osborn v. Weatherford, 27 Ala.App. 258, 170 So. 95 (1936).
Among the stipulated facts which are set forth in the trial court’s summary judgment order is a statement that the medical services furnished to the minor child in this case “were necessary and the amount of the bill was reasonable.” This stipulation, however, does not answer the legal question of whether the medical services were “necessaries” for which the father can be liable. That question was for the trial court to decide.
In other types of cases, such as those involving the liability of a minor to pay for necessities, it has been held that what are “necessaries” depends upon the facts and circumstances of each case. See Ragan v. Williams, 220 Ala. 590, 127 So. 190 (1930). Although an appellate court has apparently not specifically so held in a case such as the present one, we think that this principle has clearly been applied in past cases and should be applied now. See, e.g., Nelson v. Nelson, 421 So.2d 120 (Ala.Civ.App.1982). See also Guthrie v. Bobo, 32 Ala.App. 355, 26 So.2d 203 (1946).
Based upon the facts and circumstances of this case, as placed before the trial court by stipulation and on motion for summary judgment, we cannot say that the trial court erred in concluding that as a matter of law the medical services furnished to the minor daughter were not necessaries for which the father should be liable.
As stipulated, the father had been divorced from the daughter’s mother for “some time” prior to the rendering of the medical services in July 1986. More importantly, he had not seen the daughter for more than five years prior to that date. He was unaware not only that the hospital had rendered medical services to his daughter but also that she was pregnant with a child that was apparently illegitimate.
There was no evidence that the father’s divorce decree required him to pay either child support or the medical expenses of the child or .that he had ever paid them. In fact, the record indicates that the hospital had originally sought payment of the medical expenses from the daughter’s stepfather.
While any one of these circumstances would probably not be sufficient to excuse the father from liability in this case, we think that the totality of them justified the trial court’s conclusion that the medical expenses were legally not necessaries for which the father should be liable.
We have not found cases in other jurisdictions directly on point with this particular fact situation, but there are cases which generally support our conclusion *535 that a father is not always liable for the expenses of his minor regardless of the nature of those expenses. See, e.g., Akron City Hospital v. Anderson, 68 Ohio Misc. 14, 428 N.E.2d 472 (1981).
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.