Cincinnati Insurance Company ("Cincinnati") has petitioned for a writ of mandamus directing Judge Jack D. Carl of the Jefferson Circuit Court to allow Cincinnati to amend its complaint in a pending action to specifically request punitive damages in accordance with Ala. Code 1975, § 6-5-410, the wrongful death statute, with any portion of a recovery in excess of Cincinnati's subrogation interest to be held in trust for Edna H. Bushnell, the sole dependent of Dr. James J. Bushnell, deceased.
Dr. Bushnell was killed on July 14, 1992, when he was struck by a delivery van as the van backed down an alleyway adjacent to his office in a medical clinic building that borders Brookwood Medical Center in Homewood, Alabama. The truck was owned by Royal Cup, Inc., and was driven by Clifford Culpepper, a Royal Cup employee. At the time of his death, Dr. Bushnell was employed by Bushnell Associates, P.C. Cincinnati was the workers' compensation carrier for Bushnell Associates, and it has paid insurance benefits to Edna Bushnell, Dr. Bushnell's widow.
Mrs. Bushnell did not file a wrongful death action against any party, and the two-year statutory limitations period for such an action has expired.[1] However, under the extended limitations period of Ala. Code 1975, § 25-5-11(d), Cincinnati exercised its right to subrogation for its workers' compensation payments to Mrs. Bushnell, by filing a wrongful death action against Brookwood Medical Center, Royal Cup, and Mr. Culpepper. In the style of its complaint, Cincinnati indicated that it was the subrogee of Mrs. Bushnell, individually; of Mrs. Bushnell as the administratrix of Dr. Bushnell's estate; and of Bushnell Associates. The complaint *Page 49 
stated several counts; in each count, Cincinnati requested "judgment against defendants in the amount of workers' compensation benefits paid to which the plaintiff's subrogee is entitled."
On January 2, 1996, the trial court entered an order setting a pretrial conference and barring the filing of any additional claims, amended answers, or defenses. However, on the day of the conference, January 16, the court allowed Brookwood Hospital to file an amended answer asserting additional defenses. Apparently, at that conference Cincinnati realized for the first time that the trial court had interpreted its complaint to seek only the amount of its subrogation interest for workers' compensation payments to Mrs. Bushnell. Thereafter, Cincinnati moved to amend its complaint to specifically request a judgment for punitive damages pursuant to § 6-5-410, the wrongful death statute, in addition to the costs, attorney fees, and reasonable expenses allowed by §25-5-11(d). Cincinnati informed the trial court that it intended to seek a recovery for all the damages allowed by law, but that it would retain only the amount of its subrogation interest, and that any excess of the recovery would be placed in trust for Mrs. Bushnell. The court denied Cincinnati's motion to amend the complaint.
In July 1996, Cincinnati filed a "Motion for Instructions on the Law," in which it requested the trial court to reconsider its ruling on the issue of damages. The trial court denied the motion. Apparently, the trial court's ruling on the issue of damages was based on a combination of the wording of Cincinnati's complaint and the language of § 25-5-11(d), which the court did not believe allowed a subrogee to seek a recovery larger than the amount of its subrogation interest. In response, Cincinnati has petitioned for a writ of mandamus.
 I.
The writ of mandamus is an extraordinary remedy, and it will be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Service Stations,Inc., 628 So.2d 501, 503 (Ala. 1993). See Ex parte Lumbermen'sUnderwriting Alliance, 662 So.2d 1133 (Ala. 1995).
This Court has previously issued a writ of mandamus directing a circuit judge to allow plaintiffs to amend their complaint, even in the face of a pre-trial order, where the Court found that amendment of the complaint would not unduly delay the judicial process or prejudice the substantial rights of any parties. Huskey v. W.B. Goodwyn Co., 295 Ala. 1, 321 So.2d 645
(Ala. 1975).[2] See Hammond v. Realty Leasing, Inc., 351 So.2d 893
(Ala. 1977). In this case, it is uncontested that the requested amendment to the complaint would not cause undue delay and would not prejudice the substantial rights of any parties.[3]
Under Rule 15, Ala.R.Civ.P., amendments of pleadings are to be freely allowed where justice so requires. Even after the trial court barred the filing of any further pleadings, it granted Brookwood Medical Center's motion to amend its answer to add certain defenses. Yet the trial court denied Cincinnati's motion to amend its complaint.
Thus, on this review of Cincinnati's petition for a writ of mandamus, we must determine whether Cincinnati has a clear legal right under § 25-5-11(d) and § 6-5-410 to amend its wrongful death complaint to seek an award of punitive damages in excess of the amount of its subrogation interest, with any excess to be held in trust for Mrs. Bushnell.
 II.
Under § 6-5-410(a), the personal representative of a deceased's estate "may *Page 50 
commence an action and recover such damages as the jury may assess . . . for the wrongful act, omission, or negligence . . . whereby the death of his testator or intestate was caused." This Court has consistently held that the damages assessed by a jury in a wrongful death action are punitive in nature and are not intended to be compensatory. King v. National Spa Pool Inst., Inc., 607 So.2d 1241 (Ala. 1992); Hardin v. Sellers,270 Ala. 156, 117 So.2d 383 (1960); Harris v. Wright, 225 Ala. 627,144 So. 834 (1932). The damages assessed in a wrongful death action are imposed against the tortfeasor for the purpose of preserving human life, to punish the tortfeasor for the wrongful act, and to deter the tortfeasor and others from similar conduct in the future. Harvey v. Mitchell,522 So.2d 771 (Ala. 1988); General Tel. Co. of Alabama v. Cornish,291 Ala. 293, 280 So.2d 541 (1973).
Although Mrs. Bushnell did not file a wrongful death action based on the death of her husband, Cincinnati filed such an action under the authority of § 25-5-11(d). That section states:
 "In the event the injured employee, or his or her dependents, in case of death, do not file a civil action against the other party to recover damages within the time allowed by law, the employer or the insurance carrier for the employer shall be allowed an additional period of six months within which to bring a civil action against the other party for damages on account of the injury or death. In the event the employer or insurance carrier has paid compensation to the employee or his or her dependent, or in the event a proceeding is pending against the employer to require the payment of the compensation, the civil action may be maintained either in the name of the injured employee, his or her dependent in case of death, the employer, or the insurance carrier. In the event the damages recovered in the civil action are in excess of the compensation payable by the employer under this chapter and costs, attorney's fees, and reasonable expenses incurred by the employer in making the collection, the excess of the amount shall be held in trust for the injured employee or, in case of death, for the employee's dependents."
(Emphasis added.)
Section 25-5-11(d) did not create a new cause of action in addition to the one created by § 6-5-410; rather, it gave workers' compensation insurance carriers, such as Cincinnati, that have paid death benefits a right to commence an action under § 6-5-410. Thus, the damages to be assessed against the tortfeasor in such an action are the punitive damages recoverable in a § 6-5-410 wrongful death action.
In order to fully meet society's goal of punishing the tortfeasor and deterring the tortfeasor and others from similar wrongful conduct in the future, the jury may need to impose punitive damages in an amount in excess of the workers' compensation insurance carrier's subrogation interest. This idea is reflected by the legislature's recognition that the monetary punishment assessed by the jury in a wrongful death case may need to exceed the sum of an insurer's subrogation interest; § 25-5-11(d) expressly calls for the excess to be held in trust for the deceased employee's dependents.
Accordingly, we conclude that Cincinnati had a clear legal right to seek punitive damages in its wrongful death action against Brookwood Medical Center, Royal Cup, and Mr. Culpepper, even though the damages awarded may exceed the amount of Cincinnati's subrogation interest.[4] Cincinnati also *Page 51 
had a clear legal right to amend its complaint to seek such damages. Thus, we issue the writ of mandamus.
WRIT GRANTED.
HOOPER, C.J., and SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.
MADDOX, J., dissents.
[1] Ala. Code 1975, § 6-5-410(d).
[2] This Court held: "We believe that Alabama Rule 16 [Ala.R.Civ.P.] must be read in conjunction with Rule 15 and Rule 1; therefore, liberal allowance of amendment when justice so requires must take precedence over the pre-trial order in Alabama practice." 295 Ala. at 7, 321 So.2d at 648.
[3] The amendment would not add any claims, nor would it require additional defenses.
[4] A similar lawsuit was described by this Court in Louisville N.R.R. v. American Mut. Liability Ins. Co., 254 Ala. 128,47 So.2d 206 (1950), involving the predecessor to § 25-5-11(d):
 "This is a suit by the insurance carrier of the Ingalls Iron Works Company against the Louisville Nashville Railroad Company under authority of Title 26, section 312, Code 1940 [the predecessor to § 25-5-11(d)]. . . . The plaintiff as insurance carrier for Ingalls Iron Works Company paid the compensation payable to [the deceased's] widow as his only dependent under the Workmen's Compensation Law. . ..
 "The suit is for the purpose of reimbursing the plaintiff as insurance carrier and, after being reimbursed, the recovery is for the benefit of the sole dependent of deceased, his widow. The liability is dependent upon principles different from those which fix a liability under the Workmen's Compensation Law, and the measure of the liability is also different. But the nature of the suit as to its form and applicable principles is as though it were by the personal representative of [the deceased] under the homicide statute."
254 Ala. at 128, 47 So.2d at 206.